ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re

BOYSIN RALPH LORICK,                              Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                              Debtors.            Chapter 11
--------------------------------------------------------X

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE
SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF
ORTIZ & ORTIZ, L. L.P., AS DEBTORS' COUNSEL**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

        Boysin and Cynthia Lorsin (the "Debtors"), by their proposed counsel Ortiz & Ortiz,

L.L.P. ("O & O"), respectfully represent:

## BACKGROUND

        1.      The Debtors filed a voluntary petition on December 14, 2015 (the "Petition

Date").  They have remained in possession pursuant to 11 U.S.C. § 1107.  No unsecured

creditors's committee has been appointed in this case.

        2.      The Debtors own, among other things, a 38 unit apartment building located at

3126 Coney Island Avenue, Brooklyn, New York (the "Property").  The Property is encumbered

by a first mortgage lien and note held by Sovereign Commercial Mortgage Securities Trust,

2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Mortgagee").

3.      The Mortgagee alleges that the amount due, including all charges, is approximately $4,200,000.  The Debtors obtained an appraisal in May 2016 that values the Property at $5,500,000.  The Debtors believe that a sale or refinance of the Property will permit them to pay the Mortgagee and all of their creditors in full.

4.       After the Debtors defaulted under their mortgage note, the Mortgagee commenced a foreclosure action in Kings County, New York Supreme Court, entitled Wells Fargo Bank, N.A. v. Boysin Lorick,et al., under Index No. 500469/2013 (the "Action").  The Supreme Court appointed a receiver in the action, and the Receiver has been collecting the rent from the tenants and managing the Property for over a year.

5.      The Mortgagee obtained a judgment and scheduled a sale of the Property earlier this year.  The Debtors' former attorney advised them to file a Chapter 13 petition, and they did so on July 2, 2016, under Case Number 16-43194-nhl.   The Debtors were unaware that they did not qualify as Chapter 13 debtors under Bankruptcy Code Section 109 because of the amounts due to the Mortgagee and their other secured creditors.  The Mortgagee moved to dismiss their case, and the Court entered an order dismissing the their prior case on October 11, 2016.

6.      The Debtors retained the undersigned to attempt to reorganize their affairs, satisfy the Mortgagee's claim, and satisfy the claims of other creditors one day before the sale of the Property was scheduled to occur on December 15, 2016.

## RELIEF REQUESTED

A.      Retention as Bankruptcy Counsel

7.      Subject to the Court's approval, the Debtors have retained Ortiz & Ortiz, L.L.P.

2

("O & O") as its bankruptcy counsel to prosecute their Chapter 11 case.  Pursuant to 11 U.S.C. §

327(a) of the Bankruptcy Code, the Debtors request that the Court approve the employment of O

& O as their attorneys to perform the legal services necessary to consummate their Chapter 11

case.  O & O requests that the Court authorize its retention as of the Petition Date.

8.    O & O anticipates rendering the following services to the Debtors:

(a)   perform all necessary services as Debtors' counsel that are related to the

reorganization and the bankruptcy estate;

(b)   assist the Debtors in protecting and preserving estate assets during the

pendency of the chapter 11 case, including the prosecution and defense of actions

and claims arising from or related to the estate and/or the Debtors' reorganization;

(c)   prepare all documents and pleadings necessary to ensure the proper

administration of its case; and

(d)   perform all other bankruptcy-related necessary legal services.

9.    The Debtors believe that O & O is qualified to represent their interests and the

interests of the estate.  Norma E. Ortiz, the partner responsible for the case, has over twenty-eight

years of bankruptcy law experience in the public and private sectors and has participated in many

Chapter 11 cases in various capacities.  O & O is willing to act in this case and render the

necessary professional services as attorneys for the Debtors.

10.    Based on the annexed Declaration of Norma E. Ortiz annexed hereto, O &O does

not hold or represent an interest adverse to the Debtors' estate in the matters upon which O & O

is to be employed, and O & O is "disinterested" as that term is defined in the Bankruptcy Code.

11.    O & O intends to apply to the Court for the allowance of compensation and

reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules and orders

of the Court.

12.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the

local rules and orders of the Court, the Debtors propose to pay O & O its customary hourly rates

as set forth in Norma E. Ortiz's Declaration, and submits that such rates are reasonable.

B.    Terms of Retention

13.    The Debtors and O & O entered into a retainer agreement that provided O & O

with a general retainer.  Such a retainer is earned when paid but is subject to the restrictions of

the applicable provisions of the Bankruptcy Code, such as Section 328, 329, 330 and 331, and

the Federal Rules of Bankruptcy Procedure.   The retainer was paid to O & O by the Debtors.

14.    The proposed terms of O & O's retention are set forth in the attached Declaration

of Norma E. Ortiz.  O & O asserts that the terms of its retention are reasonable under Section 328

and should be approved.   The amount of the retainer and hourly rates charged by O & O are

average or below the amount typically sought in Chapter 11 cases in this district.  O & O has

successfully prosecuted Chapter 11 cases previously and demonstrated competence in such cases.

15.    O & O intends to utilize that portion of its general retainer that was not expended

prior to the bankruptcy filing to satisfy post-petition services rendered and seek additional fees

pursuant to 11 U. S. C. §§ 330 and 331.  If  O & O were required to disgorge the retainer upon

conversion to a Chapter 7 case, administrative insolvency, or disallowance of its fee requests, it

has the financial ability to do so.  For these reasons, O & O and the Debtors request that the

Court approve the proposed terms of O & O's retention.

4

16.     No previous application for the relief requested herein has been made to this

Court.

WHEREFORE, the Debtors respectfully request the entry of an order substantially in the

form of the prefixed order granting the relief requested herein and such other and further relief as

is just.

Dated: Astoria, New York
        Dec. 21, 2016

_S/Norma Ortiz_
Norma E. Ortiz, Esq.
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Proposed counsel to the Debtors

**DECLARATION OF NORMA ORTIZ**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

BOYSIN RALPH LORICK,                                  Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                                        Debtors.                    Chapter 11
-------------------------------------------------------X

### DECLARATION AND DISCLOSURE STATEMENT OF NORMA E. ORTIZ, ESQ., IN SUPPORT OF APPLICATION FOR RETENTION OF ORTIZ & ORTIZ, L.L.P.

Norma E. Ortiz, states as follows:

1.      I am an attorney at law admitted to practice before this Court and a member of the

firm Ortiz & Ortiz, L.L.P ("O & O").

2.      I am the partner primarily responsible for the Debtors' case.  I have been involved

in numerous reorganization and consumer bankruptcy cases over the last 28 years and possess the

requisite experience and qualifications to serve as Debtors' counsel.

3.      My firm has agreed to bill the Debtors at an hourly rate of $450 an hour for

partners and $350 an hour and below for associates and attorneys serving as of counsel to my

firm.   We bill our paralegals time at $75 an hour and below.   Our partners bill non-bankruptcy

clients between $350 and $450 an hour, depending on – among other things – the complexity of

the matter.  Photocopying charges shall be billed at five cents a page; only long distance calls and

faxes shall be billed to the estate.  Any costs incurred by third party vendors will be billed to the

estate at O & O's cost.

4.       The Debtors have consented to our retention under a general retainer under these terms.

5.       I know of no reason why O & O is not qualified to represent the Debtors in this case.  The firm had no prior connection to the Debtors before it was first consulted regarding the their financial difficulties on December 14, 2016.  In addition, I utilized software to search our databases of present and former clients to conduct a conflicts check before agreeing to be retained by the Debtors.

6.       Other than the foregoing, O & O neither represents nor has any connection to any creditor or party in interest of the Debtors, other than in the ordinary course of its business.

7.       I was previously employed by the U.S. Trustee's office, but have no present connection to the office other than in the ordinary course of my practice.

8.       O & O received a $15,000 classic retainer from the Debtors prior to the bankruptcy filing on December 14, 2016, and $1,717 for the filing fee.  O & O rendered approximately $6,132.50 in legal services to the Debtors prior to the filing on December 15, 2016.  O & O intends to apply the remainder of its retainer to services rendered post-petition upon court approval of all fees paid to the firm pursuant to, among other things, 11 U.S.C. §§ 330, 331.

9.       Any post-petition payments of compensation will be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure.   Moreover, my firm is fully aware that all fees received as compensation for services to the Debtors are subject to the Court's approval for, among other things, reasonableness – regardless of the source of funds paid to my firm.

10.     My firm has not agreed to share compensation with any other person or entity.

11.     O & O shall not seek an increase in its hourly rates without prior notice to the

Debtors, the Court, and the Office of the U.S. Trustee.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: Dec. 21, 2016
Astoria, New York

*S/Norma Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Brooklyn, New York 11103
Tel. (718) 522-1117

3

**PROPOSED ORDER**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

BOYSIN RALPH LORICK,                          Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                                   Debtors.                 Chapter 11
--------------------------------------------------------X

### ORDER PURSUANT TO SECTION 327 (a) OF THE
### BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF
### <u>ORTIZ & ORTIZ, L.L.P. AS ATTORNEYS FOR THE DEBTORS</u>

Upon the application (the "Application") of Boysin and Cynthia Loric (the "Debtors"), as

debtor and debtor in possession, dated December 20, 2016, for entry of an order pursuant to 11

U.S.C. § 327(a) authorizing and approving the employment of Ortiz & Ortiz, L.L.P. ("O & O") as

their attorneys under a general retainer; upon the Declaration of Norma E. Ortiz, Esq., a member

of the firm of O & O; it appearing that the members of O & O are admitted to practice before this

Court;  the Court being satisfied that O & O represents no interest adverse to the Debtors and the

estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. §

101(14), and that the employment of O & O is necessary and in the best interest of the Debtors

and the estate; due notice of the Application having been given to the United States Trustee, and

it appearing that no other or further notice need be given; sufficient cause appearing therefore, it

is

ORDERED, that the Application is granted in all respects; and it is further

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtors are

authorized to employ O & O as its attorneys under the terms and conditions set forth in the

Application, effective as December 15, 2016; and it is further

ORDERED, that no compensation or reimbursement of expenses shall be paid to O & O

for professional services rendered to the Debtors, except upon proper application and by further

order of this Court, and any of O & O's fee applications will be subject to notice and hearing

pursuant to Sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of

Bankruptcy Procedure, and will comply with the Court's General Order 613 (Guidelines for Fees

and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases)."

NO OBJECTION:

_____

Office of the United States Trustee