UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE

BOYSIN RALPH LORICK AND CYNTHIA THERESA LORICK

DEBTORS

CHAPTER 11

CASE NO. 16-45645

JUDGE: Nancy Hershey Lord

MOTION DATE: March 23, 2017

MOTION TIME: 10:30am

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Robert W. Griswold, an associate of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Select Portfolio Servicing, Inc. as Servicer for Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-8, Mortgage Pass-Through Certificates, Series 2006-8 ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. Nancy Hershey Lord |
| RETURN DATE & TIME: | March 23, 2017 at 10:30am |
| COURTHOUSE: | United States Bankruptcy Court<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. § 362(a) generally described as 1801-1803 Cliff Street, Union City, NJ 07087, pursuant to 11 U.S.C. § 362(d)(1) based upon the total debt due to Movant, resulting in Movant's lack of adequate protection or, pursuant to 11 U.S.C. § 362(d)(2), inasmuch as the estate has no equity in the aforementioned property with regard to the subject property. |

16-059513

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at One Huntington Quadrangle, Suite 3N05, Melville, NY 11747 and filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York at United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, NY 11201 no later than seven (7) days prior to the return date of this motion.

Dated:  February 1, 2017
        Melville, New York

/s/ Robert W. Griswold
Robert W. Griswold
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Select Portfolio Servicing, Inc. as Servicer for Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-8, Mortgage Pass-Through Certificates, Series 2006-8
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

TO:   SERVICE LIST

16-059513

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
IN RE

BOYSIN RALPH LORICK AND CYNTHIA
THERESA LORICK

DEBTORS

CHAPTER 11

CASE NO. 16-45645

JUDGE: Nancy Hershey Lord

MOTION DATE: March 23, 2017

MOTION TIME: 10:30am

## AFFIRMATION IN SUPPORT OF ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Robert W. Griswold, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Select Portfolio Servicing, Inc. as Servicer for Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-8, Mortgage Pass-Through Certificates, Series 2006-8 ("Movant"), a secured creditor of Boysin Ralph Lorick ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) based upon Debtors' pre-petition default and under § 362(d)(2) based upon the lack of equity in the property and because the property is not necessary to an effective reorganization.

16-059513

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Movant is a secured creditor of the Debtor Boysin R. Lorick pursuant to a note executed by Debtor on October 6, 2006, whereby Debtor promised to repay the principal amount of $388,000.00 plus interest to First Residential Mortgage Services Corporation, A Corporation (the "Note"). To Secure the repayment of the Note, Debtor granted Mortgage Electronic Registration Systems, Inc. as nominee for First Residential Mortgage Services Corporation, A Corporation a mortgage, which was duly recorded in the Hudson County Clerk's Office on November 14, 2006 in Book 15103 at page 00256 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 1801-1803 Cliff Street, Union City, NJ 07087 (the "Property"). The Loan was assigned to Movant as memorialized by instrument dated April 21, 2009 and duly recorded on May 20, 2009 ("Assignment of Mortgage"). Copies of the Note, Mortgage, and Assignment of Mortgage are annexed hereto as **Exhibit "A"**.

5. Upon information and belief, the Debtors herein owns the Property.

6. Debtors filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code on or about December 15, 2016.

7. The Mortgage was in default on the day the Debtor filed this bankruptcy. Based upon said default, Movant initiated foreclosure proceedings in the Superior Court of New Jersey Chancery Division, Hudson County, under index number F- 010473-15. A Notice of Lis Pendens & Complaint was filed April 2, 2015. A copy of the Notice and Complaint are annexed hereto as **Exhibit "B"**. The filing of the instant bankruptcy stayed the action

8. Debtor, Boysin R. Lorick has failed to make current mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due for the August 1, 2009 payment and each subsequent payment thereafter.

9. The amount of delinquency due as of December 19, 2016 under the Mortgage is as follows:

| Description | Amount |
|---|---|
| 28 Defaulted Monthly Payments at $2,621.54 each (August 2009 through November 2011) | $73,403.12 |
| 6 Defaulted Monthly Payments at $1,861.33 each (December 2011 through May 2012) | $11,167.98 |
| 6 Defaulted Monthly Payments at $1,836.49 each (June 2012 through November 2012) | $11,018.94 |
| 6 Defaulted Monthly Payments at $1,812.27 each (December 2012 through May 2013) | $10,873.62 |
| 6 Defaulted Monthly Payments at $1,788.68 each (June 2013 through November 2013) | $10,732.08 |
| 18 Defaulted Monthly Payments at $1,765.71 each (December 2013 through May 2015) | $31,782.78 |
| 6 Defaulted Monthly Payments at $1,765.70 each (June 2015 through November 2015) | $10,594.20 |
| 6 Defaulted Monthly Payments at $1,786.88 each (December 2015 through May 2016) | $10,721.28 |
| 2 Defaulted Monthly Payments at $1,849.94 each (June 2016 through July 2016) | $3,699.88 |
| 4 Defaulted Monthly Payments at $3,292.42 each (August 2016 through November 2016) | $13,169.68 |
| 1 Defaulted Monthly Payments at $3,355.36 each (December 2016 through December 2016) | $3,355.36 |
| Attorney Fees | $1,837.50 |
| Filing Fee and Costs | $2,191.48 |
| Property Inspections | $408.00 |
| Late Charges | $775.20 |
| Bankruptcy Cost | $70.00 |
| Total Delinquencies | $195,801.10 |

10. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "C"**.

16-059513

11. Moreover, in view of the total debt due to Movant and in light of the Debtors failure to make payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to § 362(d)(1) of the Bankruptcy Code.

12. As set forth in the Affidavit, as of December 19, 2016, the approximate debt due and owing to Movant equals $628,767.49. The debt is accruing interest at a rate of 3.5% per annum.

13. Based upon the Broker's Price Opinion dated June 10, 2016 ("BPO"), the Property has an estimated fair value of approximately $268,000.00. A copy of the BPO is annexed hereto as **Exhibit "D"**. As indicated in paragraph 12 herein above, the total debt to Movant equals $628,767.49. As such, the debt due to the Movant exceeds the value of the Property, and the estate has no equity in the Property sought to be foreclosed.

14. Additionally, the Property is not necessary for an effective reorganization because there is no reorganization in prospect. The Debtor has not proposed a plan of reorganization.

15. Accordingly, relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).

16. The Debtors, Debtors' Attorney, and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

17. No prior application has been made for the relief requested herein.

18. Debtors executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

16-059513

19. The entity which has the right to foreclose is: Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-8, Mortgage Pass-Through Certificates, Series 2006-8 by virtue of being the holder and owner of the note.

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) and (2) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:   February 1, 2017
         Melville, New York

/s/ Robert W. Griswold
Robert W. Griswold
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Select Portfolio Servicing, Inc. as Servicer for Wilmington Trust, NA, successor trustee to Citibank, N.A., as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-8, Mortgage Pass-Through Certificates, Series 2006-8
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

16-059513