CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to Soleyman Ghalchi
90 Merrick Avenue
East Meadow, NY 11554
Richard J. McCord, Esq. (RJM 3290)
Carol A. Glick  (CAG 2675)
Phone:  (516) 296-7000
Fax:  (516) 296-7111

11-6188872

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

BOYSIN RALPH LORICK,
CYNTHIA THERESA LORICK,
                              Debtors.

Chapter 11
Case No.: 1-16-45645-nhl

-------------------------------------------------------------------X

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that Soleyman Ghalchi, the party declared to be the Successful Bidder for Debtors' Real Property located at 3126 Coney Island Avenue, Brooklyn, New York (the "Property"), by and through its counsel, Certilman Balin Adler & Hyman, LLP, hereby appeals, pursuant to 28 U.S.C. § 158(a) and Rule 8001 of the Federal Rules of Bankruptcy Procedure, to the United States District Court for the Eastern District of New York, the Order Approving the Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests and Granting Related Relief (per Honorable Carla E. Craig), dated September 8, 2017 and entered September 11, 2017 (the "Sale Confirmation Order") [Dkt. No 95].

The names of all parties to the order appealed from and the names, address and telephone numbers of their respective attorneys are as follows:

Norma E. Ortiz, Esq.
Ortiz & Ortiz LLP
Attorneys for Debtors
32-72 Steinway Street
Suite 402
Astoria, NY 11103
Tel. (718) 522-1117
Fax (718) 596-1302
Email: email@ortizandortiz.com

Colin M. Bernardino, Esq.
Kilpatrick Townsend & Stockton LLP
Attorneys for Wells Fargo Bank, N.A.
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
Tel. (404) 532-6949
Fax (404) 815-6500
Email: cbernardino@kilpatricktownsend.com

Keith Brandofino, Esq.
Kilpatrick Townsend & Stockton LLP
Attorneys for Wells Fargo Bank, N.A.
31 West 52nd Street, 14th Floor
New York, NY 10019
Tel. (212) 775-8700
Fax (212) 954-5555
Email: kbrandofino@kilpatricktownsend.com

Elazer Aryeh, Esq.
Elazer Aryeh PC
Attorney for Soleyman Ghalchi
110-20 71st Road, Suite 110
Forest Hills, NY 11375
Tel. (718) 261-2010
Email: Elie@Aryehlaw.com

Nazar Khodorovsky, Esq.
U.S. Trustee Trial Attorney
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Tel. (212) 510-0500 Ext. 238
Email: Nazar.Khodorovsky@usdoj.gov

Mohammad Choudhary
Interested Party
786 Contracting Inc.
3072 Coney Island Avenue
Brooklyn, NY 11235

Jane Nadelson, Esq.
Attorney for Mohmmad Choudhary
3024 Coney Island Avenue
Brooklyn, NY 11235
Tel. (718) 934-0090

David Pour, Esq.
Attorney for Jack Geula
10 Cutter Mill Road, Suite 406
Great Neck, New York 11021

Dated: East Meadow, New York
September 20, 2017

        **CERTILMAN BALIN ADLER & HYMAN, LLP**
        Counsel to Soleyman Ghalchi


    By:   /s/Richard J. McCord
           **RICHARD J. MCCORD, ESQ.**
           90 Merrick Avenue
           East Meadow, New York 11554
           (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

BOYSIN RALPH LORICK and                                     Case No. 1-16-45645-nhl
CYNTHIA THERESA LORICK,

                         Debtors.                         Chapter 11
-----------------------------------------------------------X

## ORDER APPROVING THE SALE OF REAL PROPERTY "AS IS" AND "WHERE IS", FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND GRANTING RELATED RELIEF

UPON the motion (the "Motion") [Dkt. No. 67] of Boysin and Cynthia Lorick, the debtors and debtors-in-possession (the "Debtors"), pursuant to Sections 105(a) and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for, inter alia, entry of an order (i) approving procedures (the "Bidding Procedures"), in connection with the sale (the "Sale") of the real property located at 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property"), free and clear of all liens; after holding a hearing on June 27, 2017 (the "Bidding Procedures Hearing") and the Bankruptcy Court having entered an order, dated July 25, 2017 (the "Bidding Procedures Order") [Dkt. No. 77], authorizing the Debtors to solicit and consider offers for the Property and conduct an auction (the "Auction") in accordance with the terms and conditions of the Bidding Procedures; and the Bankruptcy Court having conducted a hearing on the Sale on August 24, 2017 (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard; and upon the record of the Bidding Procedures Hearing and the Sale Hearing, and after due deliberation thereon, and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

 **A. Jurisdiction and Venue.** The Bankruptcy Court has jurisdiction over the Motion and the Sale of the Property pursuant to Sections 157 and 1334 of title 28 of the United States Code, and this matter is a core proceeding pursuant to section 157(b) of title 28 of the United States Code. Venue in this district is proper under Sections 1408 and 1409 of title 28 of the United States Code.

 **B. Statutory Predicates.** The statutory predicates for the relief requested in the Motion are Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

 **C. Notice.** Proper, timely, adequate, and sufficient notice of the Motion have been provided in accordance with Sections 102(1), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, and 9007, and Local Rule 6004-1 and in compliance with the Bidding Procedures Order. Such notice complied with the Bidding Procedures Order, was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Motion, the Auction, the Sale Hearing, or of the entry of this Order is necessary or will be required.

 **D. Opportunity to Object.** A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all parties in interest.

 **E. Title in the Property.** The Property constitute property of the Debtors' estate and title thereto is vested in the Debtors' estate within the meaning of Section 541(a) of the Bankruptcy Code.

**F. Business Justification.** The Debtors have demonstrated a sufficient basis and compelling circumstances requiring them to sell the Property. Such action is an appropriate exercise of the Debtors' business judgment and in the best interests of the Debtors, their estate and creditors. Such business reasons include, without limitation, the facts that (i) the Sale constitutes the highest or otherwise best offer for the Property received by the Debtors; and (ii) the closing of the Sale present the best opportunity to realize the best recovery for the Debtors' estate. Entry of this Order and all provisions hereof is a necessary condition precedent to the buyer consummating the Sale.

**G. Opportunity to Bid.** The Debtors and their professionals marketed the Property and conducted the marketing and sale process in accordance with the Bidding Procedures Order. The Bidding Procedures and the Auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any entity to bid for the Property.

**H. Auction.** The Auction was conducted in accordance with the Bidding Procedures and, after conclusion of the Sale Hearing, Soleyman Ghalchi (the "Buyer"), was declared to have made the highest or otherwise best offer for the Property with his bid of $7,350,000 (the "Sale Price") and Jack Geula (the "Second Highest Bidder") was declared to have made the second highest or otherwise best offer for the Property with his bid of $6,950,000. The Buyer was declared the Successful Bidder of the Auction. The Debtor is directed to sell the Property to the Buyer for the sale price of $7,350,000. The Debtors and the Buyer are directed to comply with the Terms and Conditions of Sale for the Property. If the Buyer defaults pursuant to the Terms and Conditions of Sale, the Debtors are directed to sell the Property to the Second Highest Bidder for the sale price of $6,950,000. The Auction was conducted at arm's length, without collusion,

and in good faith.

**I. Highest or Otherwise Best Offer.** The total consideration provided by the Buyer or Second Highest Bidder, for the Property is the highest or otherwise best offer received by the Debtors. No other person or entity or group of entities offered to purchase the Property for greater economic value to the Debtors' estate than the Buyer or Second Highest Bidder at the Auction. The Buyer is the Successful Bidder for the Property in accordance with the Bidding Procedures Order. The Second Highest Bidder is the Backup Bidder for the Property in accordance with the Bidding Procedures Order.

**J. Good Faith Purchaser.** The Sale has been negotiated by the Debtors and the Buyer or Second Highest Bidder (and their respective affiliates, members, and representatives) in good faith, at arm's length, and without collusion or fraud. The terms and conditions of the Sale and the total consideration to be realized by the Debtors pursuant to the Auction, are fair and reasonable, and the Sale is in the best interest of the Debtors, their creditors, and their estate. The Buyer and the Second Highest Bidder have complied in all respects with the Bidding Procedures Order. The Buyer or Second Highest Bidder is a "good faith purchaser" entitled to the full benefits and protections provided by Section 363(m) of the Bankruptcy Code with respect to the Sale.

**K.** The purchase price reflected in the Sale was not controlled by an agreement between potential or actual bidders within the meaning of Bankruptcy Code section 363(n). The Debtors, the Buyer, and the Second Highest Bidder have not engaged in any conduct that would cause or permit the Sale to be avoided or costs or damages to be imposed on the Buyer or Second Highest Bidder under Section 363(n) of the Bankruptcy Code.

4

**L.** The Buyer or the Second Highest Bidder will be acting in good faith in consummating the Sale at any time on or after the entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h), 6006(d) and 7062. Neither the Buyer or the Second Highest Bidder is an "insider" of the Debtors as that term is defined in Section 101(31) of the Bankruptcy Code.

**M. Free and Clear.** The Debtors are the sole and lawful owners of the Property. Upon the occurrence of the closing, (i) the sale of the Property will be a legal, valid, and effective transfer of such asset, and such transfer and assignment will vest the Buyer or Second Highest Bidder with all of the Debtors' right, title, and interest in the Property free and clear of all liens, with any such liens to attach to the consideration to be received by the Debtors in the same priority and subject to the same defenses and avoidability, if any, as of the time of the closing. The Buyer and the Second Highest Bidder would not have bid in the Auction if the sale of the Property were not free and clear of all liens, or if the Buyer or Second Highest Bidder would, or in the future could, be liable for any such liens. A sale of the Property, other than one free and clear of all liens would yield substantially less value for the Debtors' estate.

**N. Satisfaction of 363(f) Standards.** The Debtors may sell the Property free and clear of all liens, because, with respect to each creditor asserting a lien, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied. Those holders of liens who did not object, or who withdrew their objections to the Sale are deemed to have consented to the sale of the Property to the Buyer pursuant to Bankruptcy Code section 363(f)(2). Those holders of liens who did object are adequately protected by having their liens attach to the proceeds of the Sale ultimately attributable to the Property on which such holders allege a lien, in the same order

5

of priority, with the same validity, force, and effect that such holder had prior to the closing and subject to any claims and defenses the Debtors and/or their estate may possess with respect thereto.

**O. No Successor Liability.** The Buyer, or Second Highest Bidder, and their respective predecessors, successors, assigns, members, partners, principals, directors, officers, and shareholders (or equivalent) will have no obligations with respect to any liabilities of the Debtors.

**P.** The Sale (i) does not amount to a consolidation, merger, or de facto merger of the Buyer or Second Highest Bidder and the Debtors and/or the Debtors' estate; (ii) there is no substantial continuity between the Buyer or Second Highest Bidder and the Debtors; (iii) there is no common identity between the Debtors and the Buyer or Second Highest Bidder; (iv) there is no continuity of enterprise between the Debtors and the Buyer or Second Highest Bidder; (v) the Buyer or Second Highest Bidder is not a mere continuation of the Debtors or their estate; and (vi) the Buyer or Second Highest Bidder does not constitute a successor to the Debtors or their estate. The Buyer or Second Highest Bidder and their respective predecessors, successors, assigns, members, partners, directors, officers, principals, and shareholders (or equivalent) will have no obligations with respect to any liabilities of the Debtors including, without limitation, all "claims" (as defined in Section 101(5) of the Bankruptcy Code), liens, liabilities, interests, rights and encumbrances, mortgages, restrictions, hypothecations, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, equity interests, conditional sale rights or other title retention agreements, pledges, judgments, demands, rights of first refusal, consent rights, rights of offset, contract rights, recoupment rights, rights of recovery,

reimbursement rights, contribution claims, indemnity rights, exoneration rights, product liability claims, alter-ego claims, environmental rights and claims, labor rights and claims, employment rights and claims, pension rights and claims, tax claims, regulatory violations, decrees of any court or foreign or domestic governmental or quasigovernmental entity, charges or any kind or nature, debts arising in any way in connection with any agreements, acts or failures to act, reclamation rights and claims, obligation claims, demands, guaranties, option rights or claims, and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or nonmaterial, disputed or undisputed, whether arising prior to or subsequent to the commencement of this chapter 11 case and whether imposed by agreement, understanding, law, rule, equity, or otherwise (but, for the avoidance of doubt, in each case prior to the Closing). The Bankruptcy Court finds that the Buyer or Second Highest Bidder would not have acquired the Property but for the foregoing protections against potential claims, including those based upon "successor liability" theories.

**Q. No Fraudulent Transfer.** The Sale is not for the purpose of hindering, delaying, or defrauding creditors. Neither the Debtor nor the Buyer or Second Highest Bidder are, or will be, entering into the Sale fraudulently.

**R. Fair Consideration.** The consideration provided for under the Sale constitutes reasonably equivalent value and fair and/or adequate consideration as those terms are defined in, and within the contemplation of, the Bankruptcy Code, other laws of the United States, any state, territory, possession, or the District of Columbia, and each of the Uniform Fraudulent Transfer

7

Act and Uniform Fraudulent Conveyance Act. The Sale represents a fair and reasonable offer to purchase the Property under the circumstances of the Debtors' chapter 11 case. Approval of the Sale and the consummation of the transaction are in the best interests of the Debtors, their estate, their creditors, and all other parties in interest.

**S. Compliance with Bankruptcy Code.** The consummation of the Sale will be legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation Bankruptcy Code Sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been, or will be, complied with in respect of the Sale as of the date the transaction is consummated (the "Closing Date").

**T. Sale Not a Sub Rosa Plan.** The sale of the Property outside of a plan of reorganization or liquidation pursuant to the Auction neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a sub rosa chapter 11 plan.

**U. Time is of the Essence.** Time is of the essence in consummating the Sale. In order to maximize the value of the Debtors' estate, it is essential that the sale of the Property occur within the time constraints set forth in the Bidding Procedures and Terms and Conditions of Sale. Specifically, the Sale must be approved and consummated promptly in order to maximize the value to the Debtors and their estate to the benefit of their creditors. Accordingly, there is cause to waive the stays imposed by Bankruptcy Rules 6004(h), 6006(d) and 7062.

The Sale contemplated by the Bidding Procedures is in the best interests of the Debtors and their estate, creditors, and all other parties in interest herein; and it is therefore,

8

**ORDERED, ADJUDGED AND DECREED THAT:**

1. **Relief Granted**. The relief requested in the Motion is granted as set forth herein.

2. **Objections Overruled**. All objections and responses to the Motion, this Order, or the relief granted herein that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on the merits with prejudice.

3. **Prior Findings of Fact and Conclusions of Law**. The Bankruptcy Court's findings of fact and conclusions of law in the Bidding Procedures Order and the record of the Bidding Procedures Hearing and Sale Hearing are incorporated herein by reference.

4. **Approval**. The Sale is hereby approved and authorized, and the Debtors are hereby authorized and empowered to enter into, and to perform his obligations under, the Terms and Conditions of the Sale and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of the Sale.

5. **Good Faith Buyer**. The Buyer, or the Second Highest Bidder, is a good faith purchaser of the Property and is hereby granted all of the protections provided to a good faith purchaser under Section 363(m) of the Bankruptcy Code. Pursuant to Section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur will not affect the validity and enforceability of any sale, transfer, or assignment under the Sale or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal prior to the Closing Date) and, notwithstanding any reversal, modification, or vacatur, any sale, transfer or assignment will be governed in all respects by the original provisions of this Order or the Sale, as the case may be.

9

6. **Section 363(n) of the Bankruptcy Code**. The Sale shall not be subject to avoidance and shall not be the basis of any recovery or damages under Section 363(n) of the Bankruptcy Code.

7. **Authorization of Performance by the Debtors**. Without any further action or order of the Bankruptcy Court, the Debtors are authorized to fully perform under, consummate, and implement the terms of the Sale together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Sale, and this Order, including, without limitation, deeds, assignments, and other instruments of transfer.

8. **Valid Transfer**. Pursuant to Sections 363(b) and 363(f) of the Bankruptcy Code, effective as of the Closing, the sale of the Property to the Buyer or Second Highest Bidder shall constitute a legal, valid, and effective transfer of the Property notwithstanding any requirement for approval or consent by any person, and will vest the Buyer or Second Highest Bidder with all right, title, and interest of the Debtors in, and to, the Property, free and clear of all liens.

9. **Free and Clear**. Pursuant to Sections 105, 363(b), and 363(f) of the Bankruptcy Code, upon the occurrence of the closing, the Debtors shall be, and hereby are, authorized, empowered, and directed, to sell the Property to the Buyer or Second Highest Bidder. As of the Closing Date, the Buyer or Second Highest Bidder shall be vested with all right, title, and interest of the Debtors to the Property free and clear of any and all liens, claims, and encumbrances. All liens, claims, and encumbrances shall attach to the proceeds of the sale of the Property with the same priority, validity, force, and effect as they had in, or against, the Property immediately prior to the Closing. The proceeds of the sale of the Property shall be held in escrow by counsel for

the Debtors until further order of the Court. The Motion shall be deemed to provide sufficient notice of the sale of the Property free and clear of all liens, claims, and encumbrances in accordance with Local Rule 6004-1. Following the Closing, no holder of any lien on the Property may interfere with the Buyer's or or Second Highest Bidder's use and enjoyment of the Property based on or related to such lien, claims, and encumbrances, or on any actions that the Debtors may take in their chapter 11 case.

10.     The term "Liens" shall include, among other things, any and all liens, encumbrances, pledges, mortgages, deeds of trust, security interests, claims (as defined in Section 101(5) of the Bankruptcy Code), leases, charges, options, rights of first refusal, easements, servitudes, or any other right of a third party whatsoever, including, without limitation, the following: (1) all mortgages, deeds of trust, and security interests; (2) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (3) any theories of successor liability.

11.     The provisions of this Order authorizing the sale of the Property free and clear of Liens shall be self-executing, and neither the Debtors nor the Buyer or Second Highest Bidder shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.

12.     **Direction to Creditors.** On the Closing Date, each of the Debtors' creditors is directed to execute such documents and take all other actions as may be reasonably necessary to release its liens on the Property, if any. If, before the Closing Date, any person or entity that has filed financing statements, mortgages, mechanics liens, lis pendens, or other documents,

instruments, notices, or agreements evidencing any lien against, or on, the Property fails to deliver (in proper form for filing and executed by the appropriate parties) corresponding termination statements, releases, or instruments of satisfaction to the Debtors, (a) the Debtors and the Buyer each are authorized to execute and file such termination statements, releases, instruments of satisfaction, or other documents on behalf of such person or entity; and (b) the Debtors and the Buyer each are authorized to file, register, or otherwise record a certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens on or against the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, local, tribal, or foreign government agency, department or office.

13.    **Direction to Government Agencies**. Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state, and local official and any other person and entity who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in, or to, the Property, is hereby authorized and directed to accept any and all documents and instruments necessary or appropriate to consummate the Sale and this Order. All the entities described above in this paragraph are authorized and specifically directed to strike all recorded Liens against the Property from their records, official and otherwise.

14.    **Transfer of Title and Interests**. All of the Debtors' interests in the Property shall be, as of the Closing Date and upon the occurrence of the closing, transferred to, and vested in, the Buyer or Second Highest Bidder. Upon the occurrence of the Closing, this Order shall be

considered, and constitute for any and all purposes, a full and complete general assignment, conveyance, and transfer of the Property and a bill of sale or assignment transferring indefeasible title in the Property to the Buyer or Second Highest Bidder.

15. **Fair Consideration**. The consideration provided by the Buyer or Second Highest Bidder to the Debtors pursuant to the Terms and Conditions of the Sale for the purchase of the Property shall be deemed to constitute reasonably equivalent value and fair consideration under, and the transaction shall not constitute a fraudulent transfer or fraudulent conveyance under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession or the District of Columbia.

16. **No Successor Liability**. The Buyer or Second Highest Bidder and their respective predecessors, successors, assigns, members, partners, officers, directors, principals, and shareholders (or equivalent) are not, and shall not be, (a) deemed a "successor" in any respect to the Debtors or their estate as a result of the consummation of the Sale or any other event occurring in the chapter 11 case under any theory of law or equity; (b) deemed to have, de facto or otherwise, merged or consolidated with, or into, the Debtors or their estate; (c) deemed to have a common identity with the Debtors; (d) deemed to have a continuity of enterprise with the Debtors; or (e) deemed to be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors. The Buyer or Second Highest Bidder shall not assume, nor be deemed to assume or in any way be responsible for, any lien, successor liability, liability, or responsibility for any claim against the Debtors. The Motion contains sufficient notice of such limitation in accordance with Local Rule 6004-1.

13

17. **Injunction**. All persons and entities, including, without limitation, the Debtor, all administrative agencies, governmental units (as defined in Section 101(27) of the Bankruptcy Code), tax and regulatory authorities, secretaries of state, federal, state and local officials, secured and unsecured creditors, contract parties, bidders for any of the Debtor's assets, lessors, holders of Liens against, or on, the Property or the Debtor's interests in the Property, holders of claims arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, or the transfer of the Property to the Buyer, shall be, and hereby are, forever barred, stopped, and permanently enjoined from asserting, prosecuting, commencing, continuing, or otherwise pursuing in any manner any action, claim, or other proceeding of any kind, directly or indirectly, against the Buyer or Second Highest Bidder, or any affiliates, predecessor, successors, or assigns thereof and each of their respective current and former members, officers, directors, and representatives (each of the foregoing in its individual capacity), their property or the Property. Actions that are barred hereby include, without limitation, (i) the commencement or continuation of any action or other proceeding; (ii) the enforcement, attachment, collection, or recovery of any judgment, award, decree or order; (iii) the creation, perfection, or enforcement of any lien, claim, interest, or encumbrance; (iv) the assertion of any right of setoff, subrogation, or recoupment of any kind; (v) the commencement or continuation of any action that does not comply, or is inconsistent, with the provisions of this Order; and (vi) any actions contemplated or taken in respect hereof or the Bidding Procedures. Following the Closing Date, no holder of a Lien on the Debtor's interests in the Property shall interfere with the Buyer's or Second Highest Bidder's title to or use and enjoyment of any of the Property. However, this injunction does not affect the rights of any governmental entities (federal, state, or local) to enforce any

14

environmental laws with regard to the Property or remediate any environmental violations on the Property, to the extent that any actual environmental violations exist.

18. **Failure to Specify Provisions**. The failure specifically to mention any particular provisions of the Bidding Procedures, Terms and Conditions of Sale, or any related agreements in this Order shall not diminish or impair the effectiveness of such provision; it being the intent of the Bankruptcy Court, the Debtor, the Buyer, and Second Highest Bidder that the Terms and Conditions of Sale and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

19. **Binding Order**. This Order and the Terms and Conditions of Sale shall be binding upon, and govern the acts of, all persons and entities, including, without limitation, the Debtor, the Buyer, Second Highest Bidder, and their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estate or any trustee appointed in a chapter 7 case if this chapter 11 case is converted from chapter 11, all creditors of the Debtors (whether known or unknown), all filing agents, filing officers, title agents, recording agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in, or to, the Property. The Sale shall not be subject to rejection or avoidance under any circumstances. This Order and the Sale shall inure to the benefit of the Debtors, their estate, their creditors, the Buyer or Second Highest Bidder, and his successors and assigns. All of the provisions of this Order are nonseverable and mutually dependent.

15

20. **No Stay of Order**. Notwithstanding Bankruptcy Rules 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Any party objecting to this Order must exercise due diligence in filing an appeal and obtaining a stay prior to the Closing or risk its appeal being foreclosed as moot.

21. **Lift of Automatic Stay**. The automatic stay in effect under Section 362 of the Bankruptcy Code is hereby lifted to the extent necessary, without further order of the Bankruptcy Court, to allow the Debtor and the Buyer or Second Highest Bidder to take any and all actions permitted under the Bidding Procedures and Sale, including, without limitation, executing documents and transferring the Property, in each case in accordance with the terms and conditions thereof.

22. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to (a) interpret, implement, and enforce the terms and provisions of this Order, the Bidding Procedures Order, and the terms of the Sale, including, without limitation, any waivers and consents thereunder and each of the agreements executed in connection therewith; and (b) decide any issues or disputes concerning this Order and the terms of the Sale or the rights and duties of the parties hereunder or thereunder, including, without limitation, the interpretation of the terms, conditions, and provisions hereof and thereof.

23. **Subsequent Plan Provisions**. Nothing contained in any chapter 11 plan to be confirmed in this chapter 11 case or any order to be entered in this case (including any order entered after conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of the terms of the Sale or this Order.

24. **Governing Terms.** To the extent this Order is inconsistent with any prior order or pleading in this chapter 11 case, the terms of this Order shall govern. To the extent there is any inconsistency between the terms of this Order and the terms of the Sale (including all ancillary documents executed in connection therewith), the terms of the Sale and such documents shall govern.



Dated: Brooklyn, New York
September 8, 2017

Carla E. Craig
United States Bankruptcy Judge