ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
*Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re

BOYSIN RALPH LORICK,                    Case No. 16-45645 (NHL)
CYNTHIA THERESA LORICK,

                Debtors.                    Chapter 11

----------------------------------------------------------X

**APPLICATION FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY CODE SECTION 327(e)
AUTHORIZING THE EMPLOYMENT OF
MARILYN MACRON PC AS DEBTORS' SPECIAL COUNSEL**

TO THE HONORABLE CARLA E. CRAIG,
UNITED STATES BANKRUPTCY JUDGE:

      Boysin and Cynthia Lorsin (the "Debtors"), by their counsel Ortiz & Ortiz, L.L.P. ("O &

O"), respectfully represent:

**BACKGROUND**

      1.      The Debtors filed a voluntary petition on December 14, 2016 (the "Petition

Date"). They have remained in possession pursuant to 11 U.S.C. § 1107. No unsecured

creditors's committee has been appointed in this case.

2.      The Debtors own, among other things, a 38 unit apartment building located at 3126 Coney Island Avenue, Brooklyn, New York (the "Property"). The Property is encumbered by a first mortgage lien and note held by Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Mortgagee").

3.      Pursuant to court order, the Debtors conducted an auction sale of the Property on August 22, 2017, and obtained the Court's approval of the sale at a hearing held on August 24, 2017. The Debtors selected Soleyman Ghalchi ("Ghalchi") as the successful bidder. The Court signed an order approving the sale on September 8, 2017 (the "Sale Order"). Ghalchi has filed an appeal of the Sale Order.

4.      Ghalchi has moved the Court for an order setting aside the Sale Order, and an evidentiary hearing on the motion is scheduled to be conducted by the Court on October 5, 2017. In connection with that hearing, Ghalchi has served deposition notices upon, among others, Norma E. Ortiz and Martha de Jesus, the partner and associate of O & O.

5.      Since Norma and Martha can not serve as witnesses and conduct the hearing, the Debtors have retained Marilyn Macron, P.C. ("Macron") to serve as counsel to conduct discovery and represent the Debtors in the evidentiary hearing before the Court. Macron has agreed to commence rendering services immediately, on shortened notice, so as to ensure that the Debtors are represented and can comply with the Court's directives. The Debtors retained Macron on September 26, 2017.

6.      Macron agreed to represent the Debtors, subject to the Court's approval, without prior payment of retainer. Macron has agreed to bill the Debtors at $300 an hour.

**RELIEF REQUESTED**

A.      Retention as Special Counsel

7.      Pursuant to 11 U.S.C. § 327(e) of the Bankruptcy Code, the Debtors request that the Court approve the employment of Macron as their special counsel to perform the legal services necessary to prepare for and defend against Ghalchi's motion, and defend against the appeal of the Sale Order. O & O requests that the Court authorize Macron's retention as of September 26, 2017.

8.      Macron's services will be limited to the services necessary to prepare for and conduct the evidentiary hearing and defend against the appeal. Macron has represented creditors, debtors, and parties in interest in bankruptcy cases and adversary proceedings, and is qualified to represent the Debtors.

9.      Based on the annexed Declaration of Marilyn Macron, Macron does not hold or represent an interest adverse to the Debtors' estate. Macron had no prior contact with the Debtors prior to her engagement. Macron has agreed to apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules and orders of the Court.

10.      Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of the Court, the Debtors propose to pay Macron her customary hourly rate, and submit that such rates are reasonable.

11.      No previous application for the relief requested herein has been made to this Court.

WHEREFORE, the Debtors respectfully request the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: Astoria, New York
      September 26, 2017

                                              *S/Norma Ortiz*
                                              Norma E. Ortiz, Esq.
                                              Ortiz & Ortiz, L.L.P.
                                              32-72 Steinway Street, Ste. 402
                                              Astoria, New York  11103
                                              Tel. (718) 522-1117
                                              Counsel to the Debtors

**DECLARATION OF MARILYN MACRON**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

BOYSIN RALPH LORICK,                                       Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                      Debtors.                         Chapter 11
-------------------------------------------------------X

## DECLARATION AND DISCLOSURE STATEMENT OF MARILYN MACRON

     Marilyn Macron hereby declares as follows:

     1.     I am an attorney at law admitted to practice before this Court and a member of the firm Marilyn Macron P.C. ("Macron").

     2.     I will render the services requested by the Debtors in connection with the motion filed by Soleyman Ghalchi to set aside the order approving the Debtors' auction sale and the appeal of that order.  I have been involved in numerous reorganization and consumer bankruptcy cases since I was admitted, and have considerable litigation experience.

     3.     My firm has agreed to bill the Debtors at an hourly rate of $300 an hour, which is at or below my customary hourly rate.  I will seek reimbursement of my out-of pocket costs, such as the cost for travel, tolls, and parking.  Any costs incurred by third party vendors will be billed to the estate at our cost.

     4.     The Debtors have consented to my retention under these terms.

     5.     I know of no reason why Macron is not qualified to represent the Debtors as

special counsel. The firm had no prior connection to the Debtors before it was first consulted on September 26, 2017.

6. Any post-petition payments of compensation will be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure. Moreover, I am aware that all fees are subject to the Court's approval for, among other things, reasonableness.

7. My firm has not agreed to share compensation with any other person or entity.

8. Macron shall not seek an increase in its hourly rates without prior notice to the Debtors, the Court, and the Office of the U.S. Trustee.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: September 26, 2017
      Astoria, New York

*S/Marilyn Macron*
Marilyn Macron

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re

BOYSIN RALPH LORICK,                                       Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                                   Debtors.                            Chapter 11
----------------------------------------------------------X

### ORDER PURSUANT TO SECTION 327 (e) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF MARILYN MACRON P.C.  AS SPECIAL COUNSEL TO THE DEBTORS

       Upon the application (the "Application") of Boysin and Cynthia Lorick (the "Debtors"), as debtors and debtors in possession, dated September 26, 2017, for entry of an order pursuant to 11 U.S.C. § 327(e) authorizing and approving the employment of Marilyn Macron P.C. ("Macron") as their special counsel; upon the Declaration of Marilyn Macron, Esq., a member of the firm of Macron; it appearing that Marilyn Macron is admitted to practice before this Court; the Court being satisfied that Macron represents no interest adverse to the Debtors and the estate as to the matters upon which it is to be engaged, and that the employment of Macron is necessary and in the best interest of the Debtors and the estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

       ORDERED, that the Application is granted in all respects; and it is further

       ORDERED, that pursuant to 11 U.S.C. § 327(e) of the Bankruptcy Code, the Debtors are authorized to employ Macron as their attorneys under the terms and conditions set forth in the Application, effective as September 26, 2017; and it is further

ORDERED, that no compensation or reimbursement of expenses shall be paid to Macron for professional services rendered to the Debtors, except upon proper application and by further order of this Court, and any of Macron's fee applications will be subject to notice and hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and will comply with the Court's General Order 613 (Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases).

NO OBJECTION:

_____
Office of the United States Trustee

                                                              HON. CARLA E. CRAIG
                                                              U.S. BANKRUPTCY JUDGE