## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOYSIN RALPH LORICK; | ) | Case No. 1-16-45645-nhl |
| CYNTHIA THERESA LORICK, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | Bankruptcy Appeal |
| | ) | |
| SOLEYMAN GHALCHI, | ) | U.S. District Court |
| | ) | Eastern District of New York |
| | ) | Case No. 1:17-cv-05641-ILG |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOYSIN RALPH LORICK; | ) | |
| CYNTHIA THERESA LORICK; and, | ) | |
| WELLS FARGO BANK, as Trustee | ) | |
| for the registered holders of | ) | |
| Sovereign Commercial Mortgage | ) | |
| Securities Trust, 2007-C1, | ) | |
| Commercial Pass-Through Certificates, | ) | |
| Series 2007-C1, | ) | |
| | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| | ) | |

## MOTION TO STRIKE CERTAIN ITEMS FROM
## APPELLANT SOLEYMAN GHALCHI'S DESIGNATION OF RECORD ON APPEAL

Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Lender"), files this Motion to Strike Certain Items from Appellant Soleyman Ghalchi's Designation of Record on Appeal, and respectfully shows the Court as follows:

1. On June 9, 2017, the Debtors filed their Motion for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code (i) Approving Bidding Procedures and Certain Terms and Conditions of Sale, (ii) Scheduling the Deadline for an Auction and Hearing Date, and (iii) Authorizing Sale of Real Property "As Is" and "Where Is", Free and Clear of all Liens, Claims, Encumbrances, and Interests [ECF No. 67].

2. On July 25, 2017, the Court entered its Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code (i) Approving Bidding Procedures and Certain Terms and Conditions of Sale, (ii) Scheduling the Deadline for an Auction and Hearing Date, and (iii) Authorizing Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests [ECF No. 77].

3. On August 22, 2017, the Debtors, through their counsel, conducted the auction of the Property.

4. On August 24, 2017, the Court held a hearing and approved the sale of the Property, with Mr. Ghalchi being identified as the successful bidder (the "Sale Hearing").

5. On September 8, 2017, Mr. Ghalchi filed his Objection of Soleyman Ghalchi, Successful Bidder at Auction Sale, to Entry of Order Confirming Sale [ECF No. 90].

6. On September 11, 2017, the Court entered its Order Approving the Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests and Granting Related Relief [ECF No. 95] (the "Sale Order").

7. On September 20, 2017, Mr. Ghalchi filed his notice of appeal of the Sale Order [ECF No. 103].

8. On October 5, 2017, Mr. Ghalchi filed his Designation of Record on Appeal and Statement of Issues on Appeal [ECF No. 126] (the "Ghalchi Designation").

9. Federal Rule of Bankruptcy 8009(e)(1) provides: "If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record confirmed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item."

10. An item has been improperly designated as part of the record on appeal if the item was not available for consideration by the bankruptcy court in making its determination. In re Adkins, No. 12-10314-RLJ-7, 2014 WL 5801679, at *1 (Bankr. N.D. Tex. Nov. 7, 2014); see also In re Ames Dep't Stores, Inc., 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) ("As the decisions in this area make clear, the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from."); In re Digerati Techs., Inc., 531 B.R. 654, 663 (Bankr. S.D. Tex. 2015) ("Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." (emphasis in original)); Adkins, 2014 WL 5801679, at *1 ("By implication, items that were created after the court made its disposition cannot be part of the appellate record."); In re Nat'l Century Fin. Enterprises, Inc., 334 B.R. 907, 917 (Bankr. S.D. Ohio 2005) ("Because the Disputed Items were neither filed with or presented to the Court, nor considered when the Order was rendered, they will be stricken from the Designation.").

11. The majority of items listed on the Ghalchi Designation are items the Court did not consider in rendering the Sale Order. Indeed, many of the items did not even exist at the time of the Court's decision. For example, Designation Nos. 29-36 are transcripts for depositions conducted more than two weeks after the Court entered the Sale Order. "Items created after the Court made its ruling were obviously not considered by the Court in its ruling." Adkins, 2014 WL

5801679, at *2. In total, Mr. Ghalchi has designated twenty-four items filed after the Court entered the Sale Order, as set forth in the attached **Exhibit A**. Because these items were not presented to the Court prior to the Court entering the Sale Order, these items are improperly designated as part of the record on appeal.

12. The Lender respectfully requests the Court strike the improperly designated items as set forth in the attached **Exhibit A**,[1] enter an order in substantially the same form as the one attached hereto as **Exhibit B**, and grant such other and further relief as is appropriate.

Dated: October 26, 2017

Respectfully submitted,

/s/ Colin M. Bernardino
Colin M. Bernardino, Esq. (Ga. Bar No. 054879)
(Admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: cbernardino@kilpatricktownsend.com

and

Keith Brandofino, Esq. (NY Bar No. KB 2128)
KILPATRICK TOWNSEND & STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 954-5555
Email: kbrandofino@kilpatricktownsend.com

*Counsel for Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1*

---

[1] For the avoidance of any doubt, the Lender respectfully requests the Court strike Designation Nos. 14, 18, 19, and 24-44.

US2008 13471195 2

# Exhibit A

Richard J. McCord, Esq. (RM 3290)
Carol A. Glick, Esq. (CAG 2675)
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Soleyman Ghalchi
90 Merrick Avenue
East Meadow, NY 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                              Chapter 11
                                                                    Case No. 1-16-45645-nhl
BOYSIN RALPH LORICK
CYNTHIA THERESA LORICK,

                            Debtors.
-------------------------------------------------------------X

### APPELLANT SOLEYMAN GHALCHI'S DESIGNATION OF
### RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

SOLEYMAN GHALCHI, the party declared to be the Successful Bidder for the Debtors' Real Property located at 3126 Coney Island Avenue, Brooklyn, New York (the "Property"), by and through his counsel, Certilman Balin Adler & Hyman, LLP, Appellant herein, files this Designation of Record on Appeal and Statement of Issues on Appeal, as follows:

**I.   Designation of Items for Record on Appeal**

1.  Debtors' voluntary Chapter 11 petition [Dkt. No. 1]. Filed on 12/15/16.

2.  Debtors' Schedules and Statements filed on December 29, 2016 [Dkt. No. 26]. Filed on 12/29/16.

3.  Application of Ortiz & Ortiz, L.L.P. for Retention as Attorneys for Chapter 11 Debtors, and all attachments [Dkt. No. 22]. Filed on 12/28/16.

4.  Order Authorizing the Employment of Ortiz & Ortiz, LLP as attorneys for the Debtors [Dkt. No. 31]. Entered on 1/10/17.

5.  Claim No. 8, together with Addendum thereto, filed by Wells Fargo Bank on April 24, 2017, asserting a secured claim against Debtor Boysin Lorick. [Case No. 16-45645,

1

Claims Register]

6. Claim No. 9, together with Addendum thereto, filed by Wells Fargo Bank on April 24, 2017, asserting a secured claim against Debtor Cynthia Theresa Lorick. [Case No. 16-45645, Claims Register].

7. Debtors' Motion for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code (i) Approving Bidding Procedures and Certain Terms and Conditions of Sale, (ii) Scheduling the Deadline for an Auction and Hearing Date, and (iii) Authorizing Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests, with exhibits [Dkt. No. 67]. Filed on 6/9/17.

8. Order (I) Approving Bidding Procedures and Certain terms and Conditions of Sale, (II) Scheduling the Deadline for an Auction and Hearing Date, and (III) Authorizing Sale of Real Property "as is" and "where is", Free and Clear of all Liens, Claims, Encumbrances and Interests [Dkt. No. 77]. Filed on 7/26/17.

9. Debtors' Monthly Operating Report for the Month of July 2017 [Dkt. No. 79]. Filed on 8/21/17.

10. Debtors' Emergency Motion to Adjourn Auction Sale, with all exhibits thereto [Dkt. No. 80]. Filed on 8/21/17.

11. Declaration of Boysin Lorick annexed as Exhibit A to Emergency Motion [Dkt. No. 80-1]. Filed on 8/21/17.

12. Declaration of Mohammad Choudhary annexed as Exhibit C to Emergency Motion [Dkt. No. 80-6]. Filed on 8/21/17.

13. Order Denying Emergency Motion [Dkt. No. 82]. Entered on 8/21/17.

14. ~~Minutes of Auction Sale [Dkt No. 124-15]. Filed on 10/4/17.~~

15. Report of Auction Sale with exhibits thereto [Dkt. No. 83]. Filed on 8/22/17.

16. Limited Objection of Wells Fargo Bank to Sale of Debtors' Real Property and Reservation Of Rights Regarding the Same, with Certificate of Service [Dkt. No. 85]. Filed on 8/24/17.

17. Transcript of August 24, 2017 Sale Hearing. [Dkt. No. 124-19]. Filed on 9/12/17.

18. ~~Email correspondence by and among counsel to the Debtors, counsel to Wells Fargo, counsel to Choudhary, counsel to Geula, Elazar Aryeh, Esq. (real estate counsel to Ghalchi), and Nazar Khodorovsky, Esq. regarding proposed Sale Confirmation Order. [Dkt. No. 124-20]. Filed on 10/4/17.~~

6455594.1

19. ~~Email to Chambers of Judge Nancy Hershey Lord from Richard J. McCord, Esq., regarding Ghalchi's retention of Certilman Balin Adler & Hyman, LLP to prepare and file an objection to entry of the proposed Sale Confirmation Order. [Dkt. No. 124-21]. Filed on 10/4/17.~~

20. Debtors Letter to Court dated September 7, 2017 for Expedited Telephone Conference or Hearing in response to the McCord email [Dkt. No. 86]. Filed on 9/7/17.

21. Notice of appearance of Certilman Balin Adler & Hyman, LLP, as bankruptcy counsel for Ghalchi [Dkt. No. 87]. Filed on 9/7/17.

22. Ghalchi's Objection to entry of proposed Sale Confirmation Order, with exhibits thereto [Dkt. No. 90]. Filed on 9/8/17.

23. Order Approving the Sale of Real Property "as is" and "where is", Free and Clear of all Liens, Claims, Encumbrances and Interests and Granting Related Relief [Dkt. No. 95]. Entered 9/11/17.

24. ~~Motion of Soleyman Ghalchi, Successful Bidder at Auction Sale, For Entry of an Order to Show Cause Pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b) to Set Aside the Order Approving the Sale of Real Property dated September 8, 2017, with all exhibits thereto, deemed by the Court to be a motion pursuant to Bankruptcy Rule 9023 and Federal Rule of civil Procedure 59(e) [Dkt. No. 96]. Filed on 9/11/17.~~

25. ~~Transcript of conference conducted by the Court on September 14, 2017 regarding Ghalchi's Motion to Set Aside Sale Confirmation Order. [Dkt No. 124-27]. Filed on 9/20/17.~~

26. ~~Order Scheduling Evidentiary Hearing for October 5, 2017, at 10:00 a.m. [Dkt. No. 108]. Entered on 9/25/17.~~

27. ~~Application of Marilyn Macron, P.C. for retention as Special Counsel to the Debtors, with all exhibits thereto [Dkt. No. 110]. Filed on 9/27/17.~~

28. ~~Copy of unnegotiated check dated 11/19/14 from Brownstone Agency Inc., NY on behalf of Aspen American Insurance Company, in the amount of $153,356.03, made payable to Boysin Lorick, Wells Fargo Bank N.A., Douglas Rosenberg, Sovereign Bank, Berkadia Commercial Mortgage LLC as Master Servicer and New York Adjustment Bureau, Inc., representing payment of a claim for fire damage to the building located at 3126 Coney Island Avenue, Brooklyn, NY 11235 sustained on 10/21/13. [Dkt. No. 124-30]. Filed on 10/4/17.~~

29. ~~Deposition transcript of Elazar Aryeh, Esq. conducted on September 26, 2017, together with exhibits. [Dkt. No. 124-31]. Filed on 10/4/17.~~

30. ~~Deposition transcript of Norma E. Ortiz, Esq. conducted on September 27, 2017, together with exhibits. [Dkt. 124-32]. Filed on 10/4/17.~~

31. ~~Deposition transcript of Martha DeJesus, Esq. conducted on September 28, 2017, together with exhibits. [Dkt. 124-33]. Filed on 10/4/17.~~

32. ~~Deposition transcript of Boysin Lorick conducted on September 29, 2017, together with exhibits. [Dkt. 124-34]. Filed on 10/4/17.~~

33. ~~Deposition transcript of Cynthia Theresa Lorick conducted on September 29, 2017, together with exhibits. [Dkt. 124-35]. Filed on 10/4/17.~~

34. ~~Deposition transcript of Jack Geula conducted on October 2, 2017, together with exhibits. [Dkt. 124-36]. Filed on 10/4/17.~~

35. ~~Deposition transcript of Mohammad Choudhary conducted on October 4, 2017, together with exhibits. [Dkt. No. 125]. Filed on 10/4/17.~~

36. ~~Deposition transcript of Jane Nadelson, Esq. conducted on October 4, 2017, together with exhibits. [Dkt. No. 125]. Filed on 10/4/17.~~

37. ~~Proof of Funds for Soleyman Ghalchi. [Dkt No. 124- 38]. Filed on 10/4/17.~~

38. ~~Boysin Lorick Statement of August 22, 2017 [Dkt. No.124- 39]. Filed on 10/4/17.~~

39. ~~2017-08-22 Certified funds received from Mohammad Choudhary of $700,000 [Dkt. 124-40]. Filed on 10/4/17.~~

40. ~~2017-09-27 Certified funds received from Mohammad Choudhary $735,000 [Dkt. 124-41]. Filed on 10/4/17.~~

41. ~~July 2017 Proposed Contract of Sale from Debtors to Mohammad Choudhary [Dkt. 124-42, 124-43, 124-44]. Filed on 10/4/17.~~

42. ~~Receipt for submission of Sale Order of August 30, 2017 [Dkt. 124-45]. Filed on 10/4/17.~~

43. ~~Proof of Funds for Mohammad Choudhary [Dkt. 124-46]. Filed on 10/4/17.~~

44. ~~March 2017 Offers to Purchase Property [Dkt. 124-47]. Filed on 10/4/17.~~

45. Debtors' voluntary Chapter 13 petition, schedules and statements, filed in Case No. 16-43194-nhl [Dkt. Nos. 1, 12]. Filed on 7/20/16 and 8/5/16, respectively.

**II.     Statement of Issues on Appeal**

Appellant's Statement of the Issues on Appeal are as follows:

4

6455594.1

1.Whether the Court abused its discretion in issuing and entering the Order Approving the Sale of Real Property "As Is and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, And Interests and Granting Related Relief (Dkt No. 95) dated September 8, 2017 and docketed September 11, 2017 (the "**Sale Order**"), without considering the Objection to entry of proposed Sale Confirmation Order, with exhibits thereto [Dkt. No. 90] (the "**Auction Objection**"), and evidence that the auction was conducted inconsistent with the sale procedures previously approved by the Court, including the Debtor allowing a non-qualified bidder to participate in the auction, and collusion between the Debtors, Debtors' counsel, Norma E. Ortiz, Esq., Mohammad A. Choudhary, and his attorney, Jane Nadelson, Esq..

2.Whether the Court erred in making the following findings of fact and conclusions of law notwithstanding there being evidence that the sale procedures were not followed, and with that evidence running counter to the factual findings:

- That the Debtors and their professionals marketed the Property and conducted the marketing and sale process in accordance with the Bidding Procedures Order. The Bidding Procedures and the Auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any entity to bid for the Property.

- that the auction was conducted in accordance with the bidding procedures and/or at arms length, without collusion and in good faith;

- that "the total consideration to be realized by the Debtors pursuant to the auction" is "fair and reasonable" and/or "reasonably equivalent value;"

- that "[t]he" purchase price reflected in the sale was not controlled by an agreement between potential or actual bidder" under Bankruptcy Code Section 363(n);

- that the Debtors did not engage in any conduct that would cause or permit the sale to be avoided;

- that the Debtors are not and will not be entering into the sale fraudulently; and

- that the consummation of the Sale will be legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation Bankruptcy Code Section 363(m).

3.Whether the Court erred as a matter of law when it ordered that the sale shall not be subject to avoidance and shall not be the basis of any recovery or damages under §363(n).

4.Whether the Court erred as a matter of law when it approved the sale as being

5

"fair and reasonable" and/or "reasonably equivalent value;"

     5.     Whether the Court erred as a matter of law when it overruled and denied on the merits all objections to the Sale Order, including the Auction Objection which was filed prior to the entry of the Sale Order.

Dated: East Meadow, New York
         October 5, 2017

                                  CERTILMAN BALIN ADLER & HYMAN, LLP
                                  Attorneys for Soleyman Ghalchi

                       By:    <u>/s/ Richard J. McCord</u>
                               Richard J. McCord
                               Carol A. Glick
                               90 Merrick Avenue
                               East Meadow, New York 11554
                               (516) 296-7000

# Exhibit B

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BOYSIN RALPH LORICK; ) | Case No. 1-16-45645-nhl |
| CYNTHIA THERESA LORICK, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | Bankruptcy Appeal |
| ) | |
| SOLEYMAN GHALCHI, ) | U.S. District Court |
| ) | Eastern District of New York |
| ) | Case No. 1:17-cv-05641-ILG |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| BOYSIN RALPH LORICK; ) | |
| CYNTHIA THERESA LORICK; and, ) | |
| WELLS FARGO BANK, as Trustee ) | |
| for the registered holders of ) | |
| Sovereign Commercial Mortgage ) | |
| Securities Trust, 2007-C1, ) | |
| Commercial Pass-Through Certificates, ) | |
| Series 2007-C1, ) | |
| ) | |
| ) | |
| Appellees. ) | |
| ) | |
| ) | |

**ORDER GRANTING MOTION TO STRIKE CERTAIN ITEMS FROM
APPELLANT SOLEYMAN GHALCHI'S DESIGNATION OF RECORD ON APPEAL**

**UPON** consideration of the Motion to Strike Certain Items from Appellant Soleyman Ghalchi's Designation of Record on Appeal, filed by Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Lender"), and it appearing that this Court has jurisdiction to consider the Motion; it is hereby

**ORDERED**, that the Motion to Strike Certain Items from Appellant Soleyman Ghalchi's Designation of Record on Appeal is **GRANTED**.  Designation Nos. 14, 18, 19, and 24-44 were neither presented to nor considered by the Court in entering its Order Approving the Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests and Granting Related Relief [ECF No. 95].  As a result, Designation Nos. 14, 18, 19, and 24-44 have been improperly designated as part of the record on appeal.  Bankruptcy Rule 8009(e)(1); *see also In re Digerati Techs., Inc.*, 531 B.R. 654, 663 (Bankr. S.D. Tex. 2015); *In re Adkins*, No. 12-10314-RLJ-7, 2014 WL 5801679, at *1 (Bankr. N.D. Tex. Nov. 7, 2014); *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005); *In re Nat'l Century Fin. Enterprises, Inc.*, 334 B.R. 907, 917 (Bankr. S.D. Ohio 2005).  Therefore, Designation Nos. 14, 18, 19, and 24-44 are hereby **STRICKEN** from the record on appeal.

Dated:  This ____ day of _____, 2017

_____
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2017, a true and correct copy of the foregoing Motion to Strike Certain Items from Appellant Soleyman Ghalchi's Designation of Record on Appeal was filed electronically with the Court's CM/ECF filing system which in turn will generate an electronic notice of filing to all those who have requested or consented to electronic service in this chapter 11 case.

Dated:  October 26, 2017

                                                        /s/ Colin M. Bernardino
                                                          Colin M. Bernardino