ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
*Pro Se*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

BOYSIN RALPH LORICK,                                   Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                                  Debtors.                    Chapter 11
--------------------------------------------------------X

### APPLICATION OF ORTIZ & ORTIZ, L.L.P., PURSUANT TO LOCAL RULE 2090-1(d), TO WITHDRAW AS DEBTORS' COUNSEL

Ortiz & Ortiz, L.L.P. ("O & O"), counsel of record to Boysin and Cynthia Lorick (the "Debtors"), hereby states, in support of its application to withdraw as counsel, as follows:

1.      O & O has served as Debtors' counsel since the Chapter 11 case was commenced on December 15, 2016.

2.      For the reasons set forth in the annexed Declaration of Norma E. Ortiz, O & O has determined that it can no longer represent the Debtors in the prosecution of their case absent further order of the Court.

### RELIEF REQUESTED

3.      O & O hereby requests the entry on an order permitting it to withdraw as counsel pursuant to Local Rule 2090-1(d).  Local Rule 2090-1(d) provides

**(d) Withdrawal or Substitution of Attorneys of Record**.

An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may

not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

4.      As set forth in the annexed Declaration of Norma E. Ortiz, the Debtors have commenced an action against the partner responsible for the Debtors' case, Norma E. Ortiz.  The action demonstrates, among other things, a complete break-down of the attorney-client relationship and poses an actual conflict of interest among the Debtors and O & O.

5.      The following matters are pending and/or should be performed by the Debtors:

- •      Conduct the closing of the sale of the property known as 3126 Coney Island Ave., Brooklyn, New York (the "Property")
- •      Fix amounts due for administrative claimants, including the Receiver, his counsel, the Mortgagee's counsel, O & O, and any violations and fines levied against the Property
- •      Retain an accountant to determine tax liability of the estate and the Debtors
- •      File a plan of reorganization or motion to dismiss case
- •      Address pending personal injury actions
- •      File operating reports and pay quarterly fees

6.      O & O is willing to continue to perform the services necessary for the estate until substitute counsel is authorized, but solely with the Court's approval.  O & O does not seek to hinder or delay the proceedings in anyway, but is required to disclose to the Court, the U.S. Trustee, and parties in interest when an actual conflict of interest arises for the firm.  As the court noted in <u>In re Rancourt</u>, 207 B.R. 338 (Bankr. N.H. 1997),

Attorneys choosing to continue to represent an individual debtor, or the principals and insiders of a corporate debtor, while also undertaking to be appointed to serve as the attorneys for the debtor-in-possession under the provisions of chapter 11 of the Bankruptcy Code, including particularly the provisions of § 1107 of the Bankruptcy Code, need to understand and be sensitive to the potential conflicts and divergence of interests in that situation that

2

> may develop during the course of the chapter 11 proceedings, and
> that may require disclosure that they "represent an interest adverse
> to the estate" and seek authorization to continue their representation or
> representations as may be appropriate after notice and evaluation of the
> conflict and its relative importance in the proceedings.  11 U.S.C. §§
> 327(a) and 328(c). The fact that the attorney may be qualified to act
> for the debtor-in-possession as a "disinterested person" at the outset
> of the proceedings does not mean that the *separate requirement* under
> these statutes of not representing a client having an "interest adverse to
> the estate" may not be implicated and require disclosure as matters
> develop during the course of the reorganization proceeding. See *Rome v.*
> *Braunstein, supra, 19 F.3d at 57-58.*

Id. at 361-362.

7.      The commencement of the Action, among other things, mandates that O & O

immediately disclose the change in circumstances to the Court to ensure that the Debtors and the

estate are represented by counsel that is qualified under 11 U.S.C. § 327.

8.      O & O requests that notice of this application be limited to (1) the U.S. Trustee,

(2) Counsel to the Receiver Douglas Rosenberg, (3) the Debtors, (4) Counsel to the Mortgagee

Wells Fargo, (5) Counsel to Soleyman Galchi, the purchaser of the Property, and (6) Jack Geula,

the back-up purchaser of the Property.  These parties are the only parties that have participated

actively in this case.

WHEREFORE, O & O requests that the Court grant the relief requested herein, and grant

such other and further relief as deemed just.

Dated: November 3, 2017
       Astoria, New York

                                                        */s/Norma Ortiz*
                                                        Norma E. Ortiz
                                                        Ortiz & Ortiz, L.L.P.
                                                        32-72 Steinway Street, Ste. 402
                                                        Astoria, NY  11103
                                                        Tel. (718) 522-1117
                                                        *Pro Se*

**<u>Declaration of Norma E. Ortiz</u>**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

BOYSIN RALPH LORICK,                                    Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                                        Debtors.                    Chapter 11
--------------------------------------------------------X

### <u>DECLARATION OF NORMA E. ORTIZ</u>

Norma E. Ortiz, states as follows:

1.      My firm was retained by the above-captioned Debtors and authorized to serve as

counsel by court order dated January 9, 2017 (ECF. No. 31).

2.      On November 2, 2017, I was informed by Karam Dahiya, Esq., that he believed

the Debtors had commenced an action against my firm.  I performed a search, and located an

action entitled "Boysin Lorick and Cynthia Lorick v. Hon. Nancy Hershey Lord and Norma

Ortiz" bearing docket number 17-cv-06307-E NV-JO (the "Action").  The Action was filed in

the Eastern District of New York on October 27, 2017.  A copy of the docket sheet is annexed

hereto as Exhibit A.  I have not been served with the complaint, or any other documents, and the

Debtors did not inform me of the Action.

3.      Debtor's counsel in an individual Chapter 11 case is duty bound to represent the

interests of the estate and the interests of the individual debtors.  It is not uncommon for those

interests to diverge.  My firm has taken all steps possible to accommodate the Debtors's desire to

maintain title to the property known as 3126 Coney Island Avenue, Brooklyn, New York (the

"Property") while concurrently taking all steps necessary to speedily prosecute the case and

realize value for creditors.  My firm made many attempts to assist the Debtors in their attempts

to obtain the funding needed to satisfy all creditors, while abiding by the Court's order to pursue

a sale if financing was not secured by a date certain.

4.      As the Court is aware, the Debtors seek to retain substitute counsel and have

made clear that they no longer wish my firm to represent them.  Although my firm is duty bound

to represent the estate until further order of the Court, the commencement of the Action

evidences that my firm can not continue to represent the interests of the Debtors individually.

The Action poses an actual conflict of interest among the Debtors and I.

5.      The additional grounds for my firm's request are protected by the attorney-client

privilege and cannot be disclosed herein.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: November 3, 2017
Astoria, New York

                                            _S/Norma E. Ortiz_
                                            Norma E. Ortiz

**EXHIBIT A**

NPROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:17-cv-06307-ENV-JO

Lorick et al v. Hershey Lord et al

Assigned to: Judge Eric N. Vitaliano

Referred to: Magistrate Judge James Orenstein

Cause: 28:1331 Fed. Question

Date Filed: 10/27/2017

Jury Demand: None

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: U.S. Government Defendant

### Plaintiff

**Boysin Ralph Lorick**

represented by **Boysin Ralph Lorick**
38 Utica Road
Edison, NJ 08820
908-565-3011
PRO SE

### Plaintiff

**Cynthia Theresa Lorick**

represented by **Cynthia Theresa Lorick**
38 Utica Road
Edison, NJ 08820
908-565-3011
PRO SE

V.

### Defendant

**Hon. Nancy Hershey Lord**

### Defendant

**Norma Ortiz**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2017 | 1 | COMPLAINT against All Defendants, filed by Boysin Ralph Lorick, Cynthia Theresa Lorick. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 10/31/2017) |
| 10/27/2017 | 2 | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 10/31/2017) |
| 10/27/2017 | | FILING FEE: $ 400, receipt number 4653120871 (Bowens, Priscilla) (Entered: 10/31/2017) |
| 10/30/2017 | 4 | Emergency MOTION to Stay *the Bankruptcy Case #16-45645, filed* by Boysin Ralph Lorick, Cynthia Theresa Lorick. (Galeano, Sonia) (Entered: 10/31/2017) |
| 10/31/2017 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold** |

| | | |
|---|---|---|
| | | your consent without adverse substantive consequences. **Do NOT return or file the consent <u>unless</u> all parties have signed the consent.** (Bowens, Priscilla) (Entered: 10/31/2017) |
| 11/01/2017 | <u>5</u> | Letter undated from Boysin Lorick and Cynthia Lorick to Clerk of the Court, submitting additional document. (Galeano, Sonia) (Entered: 11/02/2017) |
| 11/02/2017 | <u>6</u> | MEMORANDUM AND ORDER, For all the foregoing reasons, pltff's <u>4</u> Motion to Stay of the proceedings in In re Lorick, No. 1-16-45645-nhl (Bankr. EDNY), whether in the form of a temporary restraining order or writ of mandamus, is denied. Though it is highly dubious that jurisdiction exists to entertain the balance of the complaint, this matter is respectfully referred to Magistrate Judge James Orenstein for pretrial management in the ordinary course. (Ordered by Judge Eric N. Vitaliano on 11/2/2017) c/m (Galeano, Sonia) (Entered: 11/02/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/02/2017 16:21:34 | | | |
| **PACER Login:** | ortizandortiz:2607690:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-06307-ENV-JO |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

BOYSIN RALPH LORICK,                                        Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                                  Debtors.                  Chapter 11
--------------------------------------------------------X

**ORDER GRANTING APPLICATION OF ORTIZ & ORTIZ, L.L.P., PURSUANT
TO LOCAL RULES 2090-1, TO WITHDRAW AS DEBTOR'S COUNSEL**

         Upon the Application of Ortiz & Ortiz, L.L.P., ("O & O") pursuant to Local Rules 2090-

1, to Withdraw as Counsel to Boysin and Cynthia Lorick, the above-captioned Debtors (the

"Application"); notice of the Application having been provided to the Debtors, the U.S. Trustee,

Counsel to the Receiver Douglas Rosenberg, Counsel to the Mortgagee Wells Fargo, Counsel to

Soleyman Galchi, and Jack Geula; no written opposition to the Application having been filed

and it appearing that sufficient notice having been given and that just cause exists to grant the

relief requested in the Application; and for the reasons stated in the Application, it is hereby

         **ORDERED**, that O & O is hereby relieved as counsel to Boysin and Cynthia Lorick

Williams in the instant case and authorized to withdraw as counsel of record pursuant to Local

Rule 2090-1(d).


Dated: November ___, 2017
         New York, New York

                                            _____
                                            HON. NANCY H. LORD
                                            U.S. BANKRUPTCY JUDGE