UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

Boysin Ralph Lorick and
Cynthia Theresa Lorick,

                        Debtors.
----------------------------------------------------------X

Chapter 11

Case No. 16-45645-NHL

### OBJECTION TO APPLICATION OF ORTIZ & ORTIZ, L.L.P., PURSUANT TO LOCAL RULE 2090-1(d), TO WITHDRAW AS DEBTORS' COUNSEL

Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Lender"), a secured creditor of the above-captioned debtors, objects to the *Application of Ortiz & Ortiz, L.L.P., Pursuant to Local Rule 2090-1(d), to Withdraw as Debtor's Counsel* [Dkt. No. 156] (the "Application"). In support of its objection, the Lender shows the Court as follows:

### BACKGROUND

1. On June 9, 2017, the Boysin Ralph Lorick and Cynthia Theresa (the "Debtors") filed a *Motion for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code (i) Approving Bidding Procedures and Certain Terms and Conditions of Sale, (ii) Scheduling the Deadline for an Auction and Hearing Date, and (iii) Authorizing Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests* [Dkt. No. 67] (the "Sale Motion") seeking to sell real property located at 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property"). On July 25, 2017, the Court entered an order approving the Sale Motion (the "Sale Procedures Order"). In accordance with the Sale Procedures Order, a successful auction was held on August 22, 2017 with a winning bid of $7.35 million (the "Sale"). The Sale is scheduled to close during the afternoon of November 7, 2017.

2. On November 3, 2017, Ortiz & Ortiz, L.L.P ("O&O") filed the Application and an application for an order to show cause shortening the notice period and scheduling a hearing on the Application.

**ARGUMENT**

3. The proposed withdrawal of O&O as Debtors' counsel will cause substantial further delay in a case which is near completion. By its own papers, O&O states that the only matters remaining are (i) the closing of the Sale; (ii) the fixing of administrative claims; (iii) retention of an accountant to determine certain tax liabilities; (iv) the filing of a plan or the dismissal of this case; (v) the administration of pending personal injury actions; and (vi) the filing of operating reports and payments of quarterly fees. O&O should be directed to continue to represent the Debtors to complete the closing of the Sale and to distribute proceeds of the Sale in satisfaction of the Lender's claim.

4. Moreover, the Debtors and their proposed counsel have already attempted to collaterally attack the Sale. In a letter dated November 1, 2017, Debtors' proposed counsel, Karamvir Dahiya, improperly attempts to move this Court, by letter and prior to any Court-approved retention of the Dahiya Law Offices LLC, for a cancellation of the Sale, dismissal of the case, and a suspension of all proceedings in this case, if the Court did not dismiss the case. [*See* Dkt. No. 151].[1] At this juncture, the Lender no longer supports dismissal of this case over other available options. If necessary and in the event that the Court grants the Application, the Court should appoint a chapter 11 trustee or convert the Debtors' cases, either action of which would be in the best interests of the estate and creditors.[2] Granting the Application and allowing the Debtors

---

[1] Furthermore, the Debtors recently initiated a civil action seeking an injunction to halt the Sale. See Lorick v. Lord, et al., 1:17-cv-06307-ENV-JO (E.D.N.Y.).

[2] During the evidentiary hearing on the successful bidder's motion for reconsideration of the order approving the Sale, several facts supporting conversion or the appointment of a chapter 11 trustee were revealed, including the

to proceeds *pro se* or with proposed counsel will only cause further administrative expenses for this estate and burden to the judicial system.

5.      Additionally, pursuant to the Sale Procedures Order, O&O is currently holding approximately $2 million in deposits made by the prospective purchasers of the Property (the "Deposits") pending further order of this Court.  O&O should not be entitled to withdraw from the case unless and until the Court enters an order setting forth procedures for the release of the Deposits to an independent fiduciary for the estate, such as a trustee.

WHEREFORE, the Lender respectfully requests that the Court (i) deny the Application; or, in the alternative, (ii) prior to O&O's withdrawal as Debtors' counsel in this case, order the transfer of the Deposits to an estate fiduciary or the transfer of any proceeds of the Sale to the Lender.

Dated: November 7, 2017

Respectfully submitted,

/s/ Colin M. Bernardino
Colin M. Bernardino, Esq.
Georgia Bar No. 054879
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: cbernardino@kilpatricktownsend.com

 and

Keith Brandofino, Esq. (NY Bar No. KB 2128)
KILPATRICK TOWNSEND & STOCKTON LLP
31  West 52nd Street, 14th Floor
New York, New York  10019
Telephone: (212) 775-8700
Facsimile: (212) 954-5555

---

Debtors' failure to schedule insurance proceeds of $153,356.02 (a check for which is being held by Debtors' prior counsel), and the post-petition payment of $25,000 to Debtor Boysin Lorick's friend Mohammad Choudhary to reimburse Mr. Choudhary for expenses he incurred while seeking financing for the Property.

Email: kbrandofino@kilpatricktownsend.com

*Counsel for Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1*

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2017, a true and correct copy of the foregoing Response was filed electronically with the Court's CM/ECF filing system which in turn will generate an electronic notice of filing to all those who have requested or consented to electronic service in this chapter 11 case.

Dated:  November 7, 2017

/s/ Colin M. Bernardino
Colin M. Bernardino