Richard J. McCord, Esq. (RM 3290)
Carol A. Glick, Esq. (CAG 2675)
Robert D. Nosek, Esq. (RDN 7676)
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Soleyman Ghalchi
90 Merrick Avenue
East Meadow, NY 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                              Chapter 11
                                                    Case No. 1-16-45645-nhl
BOYSIN RALPH LORICK
CYNTHIA THERESA LORICK,

                        Debtors.
-------------------------------------------------------------X     **Related to Dkt. No. 141**

**APPELLANT SOLEYMAN GHALCHI'S DESIGNATION OF
RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL**

SOLEYMAN GHALCHI ("Ghalchi"), the party declared to be the Successful Bidder for the Debtors' Real Property located at 3126 Coney Island Avenue, Brooklyn, New York (the "Property"), by and through his counsel, Certilman Balin Adler & Hyman, LLP, Appellant herein, files this Designation of Record on Appeal and Statement of Issues on Appeal of the Order, entered October 12, 2017 [Dkt. No. 133], denying the Motion of Soleyman Ghalchi, Successful Bidder at Auction Sale, For Entry of an Order to Show Cause Pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b) to Set Aside the Order Approving the Sale of Real Property dated September 8, 2017 [Dkt. No. 96], as follows:

**I.**     **Designation of Items for Record on Appeal**

1. Debtors' voluntary Chapter 11 petition [Dkt. No. 1]. Filed on 12/15/16.

2. Debtors' Schedules and Statements filed on December 29, 2016 [Dkt. No. 26]. Filed on 12/29/16.

1

3. Application of Ortiz & Ortiz, L.L.P. for Retention as Attorneys for Chapter 11 Debtors, and all attachments [Dkt. No. 22]. Filed on 12/28/16.

4. Order Authorizing the Employment of Ortiz & Ortiz, LLP as attorneys for the Debtors [Dkt. No. 31]. Entered on 1/10/17.

5. Claim No. 8, together with Addendum thereto, filed by Wells Fargo Bank on April 24, 2017, asserting a secured claim against Debtor Boysin Lorick. [Case No. 16-45645, Claims Register].

6. Claim No. 9, together with Addendum thereto, filed by Wells Fargo Bank on April 24, 2017, asserting a secured claim against Debtor Cynthia Theresa Lorick. [Case No. 16-45645, Claims Register].

7. Debtors' Motion for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code (i) Approving Bidding Procedures and Certain Terms and Conditions of Sale, (ii) Scheduling the Deadline for an Auction and Hearing Date, and (iii) Authorizing Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests, with exhibits [Dkt. No. 67]. Filed on 6/9/17.

8. Order (I) Approving Bidding Procedures and Certain terms and Conditions of Sale, (II)Scheduling the Deadline for an Auction and Hearing Date, and (III) Authorizing Sale of Real Property "as is" and "where is", Free and Clear of all Liens, Claims, Encumbrances and Interests [Dkt. No. 77]. Filed on 7/26/17.

9. Debtors' Monthly Operating Report for the Month of July 2017 [Dkt. No. 79]. Filed on 8/21/17.

10. Debtors' Emergency Motion to Adjourn Auction Sale, with all exhibits thereto [Dkt. No. 80]. Filed on 8/21/17.

11. Declaration of Boysin Lorick annexed as Exhibit A to Emergency Motion [Dkt. No. 80-1]. Filed on 8/21/17.

12. Declaration of Mohammad Choudhary annexed as Exhibit C to Emergency Motion [Dkt. No. 80-6]. Filed on 8/21/17.

13. Order Denying Emergency Motion [Dkt. No. 82]. Entered on 8/21/17.

14. Minutes of Auction Sale [Dkt No. 124-15]. Filed on 10/4/17.

15. Report of Auction Sale with exhibits thereto [Dkt. No. 83]. Filed on 8/22/17.

16. Limited Objection of Wells Fargo Bank to Sale of Debtors' Real Property and Reservation Of Rights Regarding the Same, with Certificate of Service [Dkt. No. 85]. Filed on 8/24/17.

17. Transcript of August 24, 2017 Sale Hearing. [Dkt. No. 124-19]. Filed on 9/12/17.

18. Email correspondence by and among counsel to the Debtors, counsel to Wells Fargo, counsel to Choudhary, counsel to Geula, Elazar Aryeh, Esq. (real estate counsel to Ghalchi), and Nazar Khodorovsky, Esq. regarding proposed Sale Confirmation Order. [Dkt. No. 124-20]. Filed on 10/4/17.

19. Email to Chambers of Judge Nancy Hershey Lord from Richard J. McCord, Esq., regarding Ghalchi's retention of Certilman Balin Adler & Hyman, LLP to prepare and file an objection to entry of the proposed Sale Confirmation Order. [Dkt. No. 124-21]. Filed on 10/4/17.

20. Debtors Letter to Court dated September 7, 2017 for Expedited Telephone Conference or Hearing in response to the McCord email [Dkt. No. 86]. Filed on 9/7/17.

21. Notice of Appearance of Certilman Balin Adler & Hyman, LLP, as bankruptcy counsel for Ghalchi [Dkt. No. 87]. Filed on 9/7/17.

22. Ghalchi's Objection to entry of proposed Sale Confirmation Order, with exhibits thereto [Dkt. No. 90]. Filed on 9/8/17.

23. Order Approving the Sale of Real Property "as is" and "where is", Free and Clear of all Liens, Claims, Encumbrances and Interests and Granting Related Relief [Dkt. No. 95]. Entered 9/11/17.

24. Motion of Soleyman Ghalchi, Successful Bidder at Auction Sale, For Entry of an Order to Show Cause Pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b) to Set Aside the Order Approving the Sale of Real Property dated September 8, 2017, with all exhibits thereto, deemed by the Court to be a motion pursuant to Bankruptcy Rule 9023 and Federal Rule of civil Procedure 59(e) [Dkt. No. 96]. Filed on 9/11/17.

25. Response in Opposition Filed by Colin M Bernardino on behalf of Wells Fargo Bank, including exhibits [Dkt. No. 111]. Filed on 9/27/17.

26. Response Filed by Norma E Ortiz on behalf of Boysin Ralph Lorick, Cynthia Theresa Lorick, including exhibits [Dkt. No. 114]. Filed on 9/28/17.

27. Affidavit Re: Corrected Affidavit of Norma E. Ortiz [Dkt. No. 115]. Filed on 9/28/17.

28. Reply of Soleyman Ghalchi to the Responses of the Debtors and Wells Fargo Bank to Ghalchi's Motion for Relief from Sale Confirmation Order Entered September 11, 2017 Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, as Made Applicable Herein by Rule 9023 of the Federal Rules of Bankruptcy Procedure [Dkt. No. 116]. Filed on 10/2/17.

29. Transcript of conference conducted by the Court on September 14, 2017 regarding Ghalchi's Motion to Set Aside Sale Confirmation Order. [Dkt No. 124-27]. Filed on 9/20/17.

30. Transcript of hearing conducted by the Court on October 2, 2017 [Dkt. No. 122]. Filed on 10/4/17.

31. Order Scheduling Evidentiary Hearing for October 5, 2017, at 10:00 a.m. [Dkt. No. 108]. Entered on 9/25/17.

32. Application of Marilyn Macron, P.C. for retention as Special Counsel to the Debtors, with all exhibits thereto [Dkt. No. 110]. Filed on 9/27/17.

33. Proposed Amended Joint Pre-Trial Order [DKt. No. 124]. Filed on 10/4/17.

34. Copy of unnegotiated check dated 11/19/14 from Brownstone Agency Inc., NY on behalf of Aspen American Insurance Company, in the amount of $153,356.03, made payable to Boysin Lorick, Wells Fargo Bank N.A., Douglas Rosenberg, Sovereign Bank, Berkadia Commercial Mortgage LLC as Master Servicer and New York Adjustment Bureau, Inc., representing payment of a claim for fire damage to the building located at 3126 Coney Island Avenue, Brooklyn, NY 11235 sustained on 10/21/13. [Dkt. No. 124-30]. Filed on 10/4/17.

35. Deposition transcript of Elazar Aryeh, Esq. conducted on September 26, 2017, together with exhibits. [Dkt. No. 124-31]. Filed on 10/4/17.

36. Deposition transcript of Norma E. Ortiz, Esq. conducted on September 27, 2017, together with exhibits. [Dkt. 124-32]. Filed on 10/4/17.

37. Deposition transcript of Martha DeJesus, Esq. conducted on September 28, 2017, together with exhibits. [Dkt. 124-33]. Filed on 10/4/17.

38. Deposition transcript of Boysin Lorick conducted on September 29, 2017, together with exhibits. [Dkt. 124-34]. Filed on 10/4/17.

39. Deposition transcript of Cynthia Theresa Lorick conducted on September 29, 2017, together with exhibits. [Dkt. 124-35]. Filed on 10/4/17.

40. Deposition transcript of Jack Geula conducted on October 2, 2017, together with exhibits. [Dkt. 124-36]. Filed on 10/4/17.

41. Deposition transcript of Mohammad Choudhary conducted on October 4, 2017, together with exhibits. [Dkt. No. 125]. Filed on 10/4/17.

42. Deposition transcript of Jane Nadelson, Esq. conducted on October 4, 2017, together with

exhibits. [Dkt. No. 125]. Filed on 10/4/17.

43. Proof of Funds for Soleyman Ghalchi. [Dkt No. 124-38]. Filed on 10/4/17.

44. Boysin Lorick Statement of August 22, 2017 [Dkt. No.124-39]. Filed on 10/4/17.

45. 2017-08-22 Certified funds received from Mohammad Choudhary of $700,000 [Dkt. 124-40]. Filed on 10/4/17.

46. 2017-09-27 Certified funds received from Mohammad Choudhary $735,000 [Dkt. 124-41]. Filed on 10/4/17.

47. July 2017 Proposed Contract of Sale from Debtors to Mohammad Choudhary [Dkt. 124-42, 124-43, 124-44]. Filed on 10/4/17.

48. Receipt for submission of Sale Order of August 30, 2017 [Dkt. 124-45]. Filed on 10/4/17.

49. Proof of Funds for Mohammad Choudhary [Dkt. 124-46]. Filed on 10/4/17.

50. March 2017 Offers to Purchase Property [Dkt. 124-47]. Filed on 10/4/17.

51. Debtors' voluntary Chapter 13 petition, schedules and statements, filed in Case No. 16-43194-nhl [Dkt. Nos. 1, 12]. Filed on 7/20/16 and 8/5/16, respectively.

52. Transcript of October 5, 2017 Evidentiary Hearing on Motion for Reconsideration. [Dkt. No. 129]. Entered 10/11/2017.

53. Transcript of October 6, 2017 Evidentiary Hearing on Motion for Reconsideration. [Dkt. No. 130]. Entered 10/11/2017.

54. Order Denying Motion for Reconsideration [Dkt. No. 133]. Entered 10/12/17.

## II.     Statement of Issues on Appeal

Appellant's Statement of the Issues on Appeal are as follows:

1. Whether the Court's determination that there was no evidence that Boysin Lorick (the "Debtor") and Mohammad Choudhary ("Choudhary") had any business relationship prior to the auction of the Property (the "Auction") was clearly erroneous, particularly when, in ruling on the 363(n) claim, the Court found that Choudhary had expended money on the Debtor's behalf in an attempt to obtain financing for the Debtor, and received a repayment of some of those amounts from the Debtor during his bankruptcy case.

2. Whether the Court abused its discretion by incorrectly applying the relevant legal standard for violations of 11 U.S.C. § 363(n) by failing to find sufficient badges

of collusion existed as between the Debtor and Choudhary going into the Auction, and afterwards, when the agreed upon facts before the Court clearly reflect, among other things, (i) a pattern of business contacts between the Debtor and Choudhary; (ii) the Debtor's persistent and vocal intent to not sell the Property, including working with Choudhary to refinance the Property immediately prior to the Auction, and the Debtor's convincing his attorney immediately prior to the Auction that Choudhary had the financial wherewithal to close on a transaction notwithstanding the lack of sufficient documentation to support that assertion.

3. Whether the Court abused its discretion when it failed to apply the proper "preponderance of the evidence" standard in denying the Motion for Reconsideration on the issue of the appellant's request to rescind the terms and conditions of sale based on a material omission by the Debtor and his counsel prior to the commencement of the Auction.

4. Assuming *arguendo* that "clear and convincing" was the proper standard of proof to apply, whether the Court abused its discretion when it applied that standard in an unreasonable or incorrect manner in failing to find that the Debtor's incomplete statements concerning his relationship with Choudhary were material misstatements upon which Ghalchi relied to his detriment.

5. Whether the Court's finding that Choudhary was prepared to close as the high bidder on the Property was clearly erroneous given, among other things, facts in the record that at the time of the Auction, Choudhary presented insufficient documentation that he had the financial wherewithal to close on the proposed sale, and thereafter was actually disqualified from being accepted as the high bidder at the conclusion of the Auction on the basis that neither the Bank, nor the Debtor believed that he had the financial wherewithal to close on the proposed sale, and he failed to present sufficient documentation to substantiate such ability to close.

Dated: East Meadow, New York
November 9, 2017

                      CERTILMAN BALIN ADLER & HYMAN, LLP
                      Attorneys for Soleyman Ghalchi

                      By:   /s/Richard J. McCord_____
                             Richard J. McCord
                             Carol A. Glick
                             Robert D. Nosek
                             90 Merrick Avenue
                             East Meadow, New York 11554
                             (516) 296-7000