UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                               Chapter 11

Boysin Ralph Lorick and
Cynthia Theresa Lorick,

                                               Case No. 16-45645-NHL

                      Debtors.
----------------------------------------------------------X

## OBJECTION TO APPLICATION TO RETAIN
## DAHIYA LAW OFFICES, LLC AS COUNSEL TO THE DEBTORS

Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 (the "Lender"), a secured creditor of the above-captioned debtors, objects to the *Application to Retain Dahiya Law Offices, LLC As Counsel to the Debtors* [Dkt. No. 150] (the "Application"). In support of its objection, the Lender shows the Court as follows:

## BACKGROUND

1. On December 15, 2016, the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors filed an application to employ Ortiz & Ortiz LLP as their counsel. [Dkt. No. 22]. On January 9, 2017, the Court entered an Order Authorizing the Employment of Ortiz & Ortiz, LLP as attorneys for the Debtors. [Dkt. No. 31].

2. On November 2, 2017, the Application was filed on presentment. [Dkt. No. 150]. The presentment date is November 20, 2017 at 12:00 p.m.

## ARGUMENT

3. The proposed retention of the Dahiya Law Offices LLC as Debtors' counsel will cause substantial further delay in a case which is near completion and further expense to the estate

and can only be categorized as unnecessary at this juncture. Although "public policy favors permitting parties to retain professionals of their choice," *In re Caldor, Inc.,* 193 B.R. 165, 170 (Bankr. S.D.N.Y. 1996) (citation omitted), retention of debtor's counsel is still subject to the court's approval. *See* 11 U.S.C. § 327(a); *In re Univ. Enterprises of W. Va.,* 2010 WL 24003354, at *1 (Bankr. N.D. W. Va. June 9, 2010) ("The Chapter 11 debtor's selection of counsel, however, is subject to approval by the court."); *Kanter v. Robertson,* 102 F.2d 92, 93-94 (4th Cir. 1939) ("Ordinarily the choice of an attorney for the trustee rests with the trustee subject to the approval or disapproval of the referee or judge, and the choice of the trustee should be confirmed unless good reasons appear to the contrary."). A court may interfere with a debtor in possession's choice of counsel when it is clear that "'the best interest of the estate' would not be served by the [debtor in possession's] choice." *Schwartz v. Geltzer (In re Smith)*, 507 F.3d 64, 71 (2d Cir. 2007). Very little remains to be done in this case at this juncture outside of consummation of the closing of the sale of the Debtors' property at 3126 Coney Island Avenue (the "Sale") and a distribution of the Sale proceeds to creditors. Indeed, by the time the retention of the Dahiya Law Office LLC is heard by this Court, the Debtors will have already closed the Sale or a chapter 11 trustee will have been appointed. The retention of the Dahiya Law Offices LLC[1] will cause the estate to incur

---

[1] This Court has previously sanctioned the Dahiya Law Offices LLC, a decision which was ultimately affirmed by the Second Circuit Court of Appeals. *Dahiya v. Kramer (In re Kahn),* 593 Fed. Appx. 83 (2d Cir. 2015). The Second Circuit found no abuse of discretion by the in the bankruptcy court's finding of the Dahiya Law Offices LLC's bad faith which the Second Circuit described as a "general pattern of groundless litigation in the bankruptcy courts, premise not on actual disputes with the actions of trustees but rather on frivolous, obstructive objections to the bankruptcy system." *Id.* at 86. Further, the District Court for the Eastern District of New York has stated the following with respect to Karamvir Dahiya and the Dahiya Law Offices LLC:

> The Court is concerned by Dahiya's and his law firm's misconduct before the Bankruptcy Court that led to the imposition of sanctions in this matter. It is clear from the record and from other matters litigated by Dahiya and his law firm before this Court that this behavior is part of a consistent pattern of misconduct and poor judgment. (*See, e.g.,* . . . *Koutsagelos v. DeRosa*, 12-CV-2365 (DLI) (June 14, 2012 Order); *In re Chatkhan*, 12-CV-3195 (DLI) (Mar. 20, 2013 Order).) Such behavior has not only protracted the adversary proceeding, but also has had negative effects on the effective use of scarce court and trustee resources, and on Dahiya's clients. *The Court questions the competency of this attorney and his firm to continue practicing law in this District* and expects the attorney to heed

2

further expense and will delay the administration of this case for an even longer period than it already has been.

4.      Moreover, the Debtors and their proposed counsel have already attempted to collaterally attack the Sale and are apparently willing to continue to do so.  In a letter dated November 1, 2017, Debtors' proposed counsel attempts to improperly move this Court, by letter and prior to any Court-approved retention of the Dahiya Law Offices LLC, for a cancellation of the Sale, dismissal of the case, and a suspension of all proceedings in this case, if the Court did not dismiss the case.  [*See* Dkt. No. 151].

5.      As noted above, on November 17, 2017, the Court held hearings on the Lender's Motion for Appointment of a Chapter 11 Trustee, or, Alternatively, Conversion to Chapter 7 and the Court's Order to Show Cause as to why the Debtors should not be held in contempt for failure to comply with the Court's orders [Dkt. No. 173].  At the November 17, 2017 hearing, the Court found Debtor Boysin Lorick to be in contempt.  Further, the Court granted, in part, the Lender's Motion for Appointment of a Chapter 11 Trustee, providing that, should the Debtors fail to close the Sale by November 21, 2017, parties will be permitted to file an affidavit attesting to the Debtors' failure to close the Sale, and the United States Trustee will be authorized to appoint a chapter 11 trustee.  Should the Debtors abide by the Court's orders and close the Sale, the retention of the Dahiya Law Offices, LLC will be unnecessary as very little remains to be done in this case following the closing of the Sale.  Alternatively, should a chapter 11 trustee be appointed, the trustee will administer the case without the necessity of counsel for the Debtors.  Therefore, the

---

        the Bankruptcy Court's thoughtful advice and seek assistance before taking on new clients and cases.

*See Kramer v. Mahia (In re Kahn),* Nos. 12-MC-794 (DLI), 12-MC-832 (DLI), 2013 WL 1629254, at *7 n. 7 (E.D.N.Y. April 15, 2013) (emphasis added).

Application should not be granted as the retention of the Dahiya Law Offices, LLC at this time is unnecessary.

6.    Finally, it is unclear if proposed counsel is seeking approval of interim compensation procedures through its Application. The Application's proposed order would approve compensation and reimbursement of expenses of proposed counsel "consistent with the proposed Order of this Court establishing procedures for monthly compensation and reimbursement of expenses of provisions …." Lender is unaware of any such proposed order governing interim compensation procedures. This Court has found in at least one other case that proposed counsel has failed to adhere to the requirements of section 329 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016. *See In re Chatkhan*, No. 09-51286 (CEC), (Bankr. E.D.N.Y. Mar. 5, 2012) (finding that that the applicant's predecessor firm failed to disclose adequately its retainer and improperly drew on the retainer, and denying a request for $171,774 in fees and $2,165.15 in expenses). Therefore, the Lender is concerned about any proposal that would allow proposed counsel to pay itself without review by the Debtors' creditors, the Office of the United States Trustee, or this Court, and requests that the Court deny any interim compensation procedures, to the extent they are before the Court at this time.

WHEREFORE, the Lender respectfully requests that the Court (i) deny the Application; or, in the alternative, (ii) schedule a hearing on the Application.

Dated: November 20, 2017              Respectfully submitted,

/s/ Colin M. Bernardino
Colin M. Bernardino, Esq. (Ga. Bar No. 054879)
(Admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Email: cbernardino@kilpatricktownsend.com

and

Keith Brandofino, Esq. (NY Bar No. KB 2128)
KILPATRICK TOWNSEND & STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 954-5555
Email: kbrandofino@kilpatricktownsend.com

*Counsel for Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1*