# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

BOYSIN RALPH LORICK
CYNTHIA THERESA LORICK          CERTIFICATE OF SERVICE*

Docket Number: __17-3712__

v.

HON. Judge LORD — US NORMA ORTIZ

I, __BOYSIN LORICK__, hereby certify under penalty of perjury that
 (print name)
on __11-20-17__, I served a copy of _____
 (date)

_____
(list all documents)

by (select all applicable)**

___ Personal Delivery          ___ United States Mail          _L_ Federal Express or other Overnight Courier

___ Commercial Carrier         ___ E-Mail (on consent)

on the following parties:

| Judge LORD | 275-C Cadman Plaza, | Brooklyn | NY | 11201 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| NORMA ORTIZ | 32-72 Steinway St, | Astoria, | NY | 11103 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

__11-20-17__                                      __Boysin Lorick__
Today's Date                                      Signature

Certificate of Service Form (Last Revised 12/2015)

[Stamp: RECEIVED 2017 NOV 21 A 10:08 CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK]

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Boysin Ralph Lorick
Cynthia Theresa Lorick       CERTIFICATE OF SERVICE*

Docket Number: 17-3712

v.

Hon. Judge Lord - &s Norma Ortiz

I, __Boysin Lorick__, hereby certify under penalty of perjury that
(print name)

on __11-20-17__, I served a copy of _____
(date)

_____
(list all documents)

by (select all applicable)**

___ Personal Delivery       ___ United States Mail       _L_ Federal Express or other Overnight Courier

___ Commercial Carrier       ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Judge Lord | 275-C Cadman Plaza | Brooklyn | NY | 11201 |
| Norma Ortiz | 32-72 Steinway St | Astoria | NY | 11103 |
|  |  |  |  |  |
|  |  |  |  |  |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

__11-20-17__            __Boysin Lorick__
Today's Date                  Signature

Certificate of Service Form (Last Revised 12/2015)

## My affidavit Boysin Lorick

Please help me get justice in my case. I am a victim of maeuvering by my lawyer, Norma Ortiz. I wanted to save my property located 3126 Coney Island Avenue, Brooklyn NY 11235. She filed chapter 11. The judge asked to sell or refinance. I wanted to refinance or take help to keep the property.

My friend Mohammad Choudhry came to help me. Ms. Norma Ortiz emailed the contract to Jane Nadelson, who was Mr. Choudhry attorney. We signed the contract for 6 million. See the contract here. We went to Ms. Ortiz office with the contract. She did not file it with the court. She wanted me to sell the property Arie Schwartz, her friend. She told us that if you sell this for 6 million, there would be capital gain and judge will not approve it. But the real deal was that she wanted to sell to Schwartz. Whenever we had hearing, Swartz was there with her. She did not file this contract with the court. She did not show this to the court. She kept it hidden from the court. I lost my opportunity to save my property. I suffered expenses by refinancing 3076 Coney Island Avenue, Mr. Choudhry property. Mr. Choudhry had to spent to $158,422.23 for refinancing to help me. He also paid $15,000 good faith deposit to the broker. He also paid $13,850 to C and C financing company. All this was done to help me to save the property. But my lawyer Ortiz had other designs for me. She wanted property for Schwartz.

I have fired Ms. Ortiz. But she keeps coming back. The babnkruptcy judge is imposing her on me and my wife. I have a new lawyer. But the judge is not allowing him to appear. I was not allowed to speak in the court. My lawyer was not allowed. The judge kept saying that approval of lawyer is necessary before speaking. Technical reason was given for not allowing us speak.

Judge wants to sell my property on November 21. Not fair for me or my family. I have the financing to pay only creditor. I will be harmed. I have no money for capital gain. If no one is happy with sale. Why do I have transfer the property.

I should not be forced. The judge has issued contempt against me. I do not want to go to jail. But I need sense of justice.

I want to stay the sale. I need a stay for transfer of property. I will post bond. I have attached letter from new counsel on capital gain. see the attachment.

Boysin Lorick

Appellants Boysin Lorick and Cynthia Lorick (the "Loricks" or the "Appellants") respectfully submit this memorandum in support of their motion for a stay pending appeal and an emergency stay pending resolution of this motion. For the reasons below, the motion should be granted.

### I. LORICKS ARE ENTITLED TO A STAY UNDER FED. R. CIV.P. 62(D)

The appellants are entitled to a stay of enforcement of the order regarding sale of the property, pursuant to pursuant to Federal Rule of Civil Procedure 62(d). The stay is sought against the Order of the bankruptcy court compelling transfer of the property, which would result in disastrous consequences for us. Mr. Lorick has been held in contempt and would be jailed if he does not close on the property by 21st November, 2017. This is an enforcement of the order at the peril of jail. The bankruptcy court has warned the debtors of "serious consequences."

The sale of the property in the bankruptcy court was obtained fraudulent and solely to benefit the discharged attorney. Sale is not pursuant to the plan. The case has been pending for more than six months, however till date, no Chapter 11 plan has been filed. The case would be dismissed after the transfer of the property and attorneys being paid, what would be left for Loricks is a very heavy burden of capital gain tax—where will they get more than 2.5 million in taxes—there is consideration of the same. Debtors are not only victims of ineffective counseling but are denied due process in all aspects. Debtors moved to change their attorney, but were not allowed. When debtors wanted to speak to the court, they were not allowed. And when their proposed counsel attempted to speak, he was not allowed.

Under this rule, 62(d), courts will "as a matter of right" grant a stay of proceedings to enforce a judgment upon posting a supersedeas bond. *Gesualdi v. Laws Constr. Corp.*, 759 F. Supp. 2d 432, 449 (S.D.N.Y. 2011) (quoting *Am. Manufs. Mutual Ins. Co. v. Am. Broadcasting-*

*Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)); see also *F.D.I.C. v. Ann-High Assocs.*, 129 F.3d 113, 113 (2d Cir. 1997); *Dillon v. Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). Courts frequently accept alternative forms of security in lieu of a supersedeas bond, including real property. See, e.g., *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir. 1986) (approving security interest consisting of escrow plus injunction against transfer of assets); *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 799 (7th Cir. 1986) (approving security interest consisting of pledge of cash, accounts receivable, and interest in physical assets); *Szyszko v. Szyszko*, No. 01-CV-2417, 2001 U.S. Dist. LEXIS 7729, at *8-9 (N.D. Ill. June 12, 2001) (approving security consisting of real property interest where the property was the subject of the litigation).

"[T]he primary purpose of Rule 62(d) [is] to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed." *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015). See also, *New Access Communs. LLC. Qwest Corp.* 378 F. Supp.2d 1135 (D. Minn. 2005); *Hemminghaus v. Mo.*, 2013 U.S. Dist. LEXIS 60533, at *2 (E.D. Mo. Apr. 29, 2013). We are providing and willing now to post any bond that the Court request.

Here, under our proposal, the property ordered to be turned over are completely under the control of the state appointed receiver. Even after our bankruptcy filing the property continues to with the receiver, thus, with receiver continued control and oversight, reasonably guaranteeing that the value of the properties will be preserved during the pendency of appeal. Accordingly, this Court should treat the Receiver's supervision of our' property as an alternative form of security, and stay the enforcement of the judgment in these actions as a matter of right. See Fed. R. Civ. P. 62(d); *Gesualdi*, 759 F. Supp. 2d at 449. Even if this Court declines to treat the Receiver's supervision of our assets as an alternative form of security, it should nonetheless stay the judgment

under Rule 62. This Court has instructed that courts may, in their discretion, grant a Rule 62 stay even where no bond is posted, after considering factors that include "the degree of confidence that the district court has in the availability of funds to pay the judgment." *In re Nassau Cty. Strip Search Cases,* 783 F.3d at 417-18. The receiver's supervision provides assurance that the assets will remain available for turnover after the resolution of this appeal, and so no bond should be required for the debtors to avail themselves of Rule 62's stay as a matter of right. See *id.* (explaining that criteria related to the availability of funds, "in contrast to the traditional stay factors, more directly address the primary purpose of Rule 62(d).").

This Court must stay the enforcement of the judgment if the security is already there, or when we are willing to supplement it with any additional security, pay for the cost or damages to the impacted parties, for the very purpose of this statute is to make whole. See *American Mfgr. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.* 87 S. Ct. 1, 3 (1966); *Bellsouth Telecomms, Inc. v. ITC Deltacom Communs., Inc.* 190 F.R.D. 693, 685 (M.d. Ala. 1999).

The bankruptcy court threatening jail if we do not close on the property has not considered the competing interest. It has not given us a chance to explain what was happening between us and Ms. Norma Ortiz, the attorney who continues to be imposed upon us by the bankruptcy court. We had refinancing in place when the property was auctioned. The bankruptcy court's absolutely adamant order to have the property transferred does not take into consideration that we have the money to pay to the only creditor foreclosing on the property. It does not take into consideration that the sale without the bankruptcy chapter 11 confirmation and attendant capital gain taxes would cripple us forever. The bankruptcy court did not take into consideration that the entire sale process was tainted. The highest bidder, Mohd. Choudhary was deprived of purchase. The second highest bidder has already challenged the sale and wants to get out of the entire process. The second bidder

continues to be with the court because if he does not close as the second higher buyer, his advanced monies shall be forfeited. The only creditor who stands to be benefited has a pending motion for dismissal of the case. Whose party's interest is this bankruptcy court protecting?

We have requested a new lawyer. The new lawyer is not being allowed. Rather procedural barriers are created. The bankruptcy judge deliberately gave a long date for his application for retention. Why can't we have a lawyer of our choice. This is unfair. I was not allowed to speak. My wife is sick, she cannot attend the hearings. My new lawyer was not allowed to speak. It is just that I am being denied justice.

## II. LORICKS ARE ENTITLED TO A STAY UNDER THE TRADITIONAL FACTORS

Even if a stay were not required under Rule 62(d), this Court should nonetheless enter a stay pending appeal because the balance of the traditional factors governing stays weighs in favor of debtors. Those factors are:

"(i) whether, absent a stay, the moving party may suffer irreparable harm; (ii) the substantiality of harm to the opposing party if a stay is granted; (iii) whether the movant has demonstrated a substantial possibility of success on appeal; and (iv) any public interests that might be affected." *In re Gordon*, 58 F.3d 855, 856 (2d Cir. 1995). See also *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Each factor weighs in favor of a limited stay.

### A. The Balance of Hardships Weighs in Favor of a Stay

The first, second, and third factor weigh heavily in favor of a stay. The debtors would suffer irreparable harm absent a stay because they would lose unique real property, their life long investment, would be disastrously crippled under capital gain taxes, that which would not be payable. The house and any other property etc. of the debtors would be wiped out to clear the

debts and dues that would result from the sale of this property. The sale would not be able to be accommodated in realistic terms, after having paid the secured creditor, there would not be much left to service the tax debts. This was sole major source of livelihood of the debtors, who are old and ailing. Further, the debtors have been denied a due process opportunity. The property is being taken away without according the due process. The irreparable harm to the debtors is tangible, real and imminent.

In contrast, no other party would be substantially harmed by a stay. Why? There are following other parties:

i. The second highest bidder, Soleyman Ghalchi;
ii. The first highest bidder, Modh Choudhry who has been disqualified for queer reasons; and
iii. The secured creditor.

The second highest bidder, Soleyman Ghalchi is not happy with the sale price. He has already challenged the sale. He wants the sale rescinded. The first highest bidder, Mohd. Choudhry has been disqualified, equally not happy with the sale. The secured creditor has a pending motion for dismissal of the bankruptcy case.

Further, the State court appointed trustee would remain in place to preserve the value of the real properties, and all funds in the bank accounts would be preserved.

The only potential harm that that the Bankruptcy Court has identified is that "Sanctity" of sale. The bankruptcy court wants to protect its "order" of sale. But not considering the ground realities. In short, a limited stay would prevent irreparable harm to the debtors, would tremendously benefit all parties and is unlikely to result in substantial harm to secured creditor or anyone else.

**B. Defendants Have a Substantial Possibility of Success on Appeal**

The final factor relevant to the issuance of a stay—the possibility of success on appeal—also weighs in debtors' favor. This factor does not require a showing that reversal is likely; rather, a "substantial possibility" of success requires "less than a likelihood of success on appeal." *United States v. $1,399,313.74 in United States Currency*, 613 F. Supp. 2d 433, 435 n.12 & 436 (S.D.N.Y. 2009) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)).

"The necessary level or degree of possibility of success will vary according to the court's assessment of the other [stay] factors." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). A stay is appropriate, for example, "where the likelihood of success is not high but the balance of hardships favors the applicant." *Id.* In light of the irreparable harm Debtors would suffer, this Court should issue a stay even if there were not a high likelihood of success, which in this case there is. *See id.* at 101. The debtors have more than surpassed that minimum standard.

While Debtors intend to raise a number of issues as part of their merits brief, they focus here on a few examples that illustrate a substantial possibility of success. *First*, the Bankruptcy Court erred when it did not consider the consequences of the sale upon the debtors [also the attorney should have advised the court against such a sale, especially in light of the fact that there is no chapter 11 plan or there will be no monies left for administrative expenses and capital gain taxes]. *Second*, the Bankruptcy Court should have permitted the debtors to pay off the security without the necessity of sale of the property. *Third*, the bankruptcy court once an attempt was made to apprise it of parallel happenings outside the court, it should have granted them an opportunity to be heard. *Fourth*, the bankruptcy court should not have prevented the new proposed counsel from speaking. *Fifth*, the bankruptcy court continues to push the sale without owners, the debtor being allowed to have a say. *Sixth*, the bankruptcy court continues to put push the sale when **none of the** parties involved with the sale are content with the sale or its procedure. There are appeals taken

against the sale by the second highest bidder, who wants to set aside the sale and but who is now stuck with the precarious predicament: He cannot get out, his security, bid money shall be forfeited. If no party is satisfied with the situation—why would the court push this agenda of sale—the court holding tight to the issue of "sanctity" of the order of sale is not enough. Rather the bankruptcy court violates article III strictures—advising from the bench and negating basic common law principle—judge are passive and rule on what parties want.

1. **The bankruptcy court is not considering the unviability of chapter 11 and sale of real property and its fatal consequences upon the debtors.**

Attached is the calculation by the proposed counsel. See letter dated November 1, 2017 to the bankruptcy judge by the proposed counsel attached. Further, it is clear that since no Chapter 11 plan has been filed, that after the sale and closing, this chapter 11 case shall be dismissed. The entire weight of the capital gain tax shall fall on Loricks and not the estate.

2. **The bankruptcy court ignores the fact that debtors have and were willing to pay off the sole creditor and thus save the property.**

The bankruptcy judge does not need to push the sale, if the sole secured creditor can be satisfied. The parties have a right of redemption or just pay them off. The debtors have the monies through their friends, thus prevent its liquidation.

3. **The bankruptcy court must not push the ""sanctity" of Order"" of sale that far to damage the debtors and also leaving no party to the bankruptcy process satisfied.**

The docket of the bankruptcy court is clear with the reports, complaints, appeals regarding the sale of the property. If no party is happy with the sale, why would the bankruptcy judge push the closing by threatening contempt against the debtors. The bankruptcy judge runs afoul of the basic article III stricture, i.e. advising[threat here] from the bench. When no party seems pleased with the sale, then the bankruptcy judge should refrain from pushing the sale. Clearly, the federal

courts created pursuant to Article III are barred by the case-or-controversy requirement from deciding, "abstract, hypothetical or contingent question." *Alabama State Fed. Of Labor v. McAdory*, 325 U.S. 450, 461 (1945). Accord, *United States v. Evans*, 213 U.S. 297, 300 (1909). It is true that the bankruptcy judges are not article III judge, but they conduct article III judicial business, pursuant to referral of bankruptcy task, 28 U.S.C. § 157. The bankruptcy judge must consider the interest of the parties.

**4. The bankruptcy court has not allowed the counsel of choice for the debtors.**

The bankruptcy court purposely had the proposed counsel put retention application by presentment by allowing the outside attorney [*prohac* admitted] to file an objection. However meanwhile the bankruptcy court continues to impose the attorney of its choice upon the debtors. The said attorney has been discharged by the debtors for not voicing their concern. The bankruptcy judge by continuing to impose a counsel of her choice, ignores the choice of debtors thus denies the counsel of choice for the debtors. The bankruptcy court continues to compel the closing of the real property before the new counsel is technically approved for retention. At the end of the day, the case is being tried, the property is sold without a counsel for the debtors.

Wherefore in interest of justice, the stay of transfer of the real property be granted. The debtors will post a bond as in whatever form that this Court might require.

courts created pursuant to Article III are barred by the case-or-controversy requirement from deciding, "abstract, hypothetical or contingent question." *Alabama State Fed. Of Labor v. McAdory*, 325 U.S. 450, 461 (1945). Accord, *United States v. Evans*, 213 U.S. 297, 300 (1909). It is true that the bankruptcy judges are not article III judge, but they conduct article III judicial business, pursuant to referral of bankruptcy task, 28 U.S.C. § 157. The bankruptcy judge must consider the interest of the parties.

**4. The bankruptcy court has not allowed the counsel of choice for the debtors.**

The bankruptcy court purposely had the proposed counsel put retention application by presentment by allowing the outside attorney [*prohac* admitted] to file an objection. However meanwhile the bankruptcy court continues to impose the attorney of its choice upon the debtors. The said attorney has been discharged by the debtors for not voicing their concern. The bankruptcy judge by continuing to impose a counsel of her choice, ignores the choice of debtors thus denies the counsel of choice for the debtors. The bankruptcy court continues to compel the closing of the real property before the new counsel is technically approved for retention. At the end of the day, the case is being tried, the property is sold without a counsel for the debtors.

Wherefore in interest of justice, the stay of transfer of the real property be granted either under Rule 62(c) or (d) to avoid fatal consequences to the debtors. The debtors will post a bond as in whatever form that this Court might require.

*/s/ Boysin Lorick*
BOYSIN LORICK