ORTIZ & ORTIZ, L.L.P.                          Hrg. Date: December 21, 2017
32-72 Steinway Street, Ste. 402                        Time: 4:00 p.m.
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
*Pro Se*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re

BOYSIN RALPH LORICK,                      Case No.  16-45645 (NHL)
CYNTHIA THERESA LORICK,

                              Debtors.         Chapter 11
--------------------------------------------------------X

## RESPONSE OF ORTIZ & ORTIZ LLP TO APPLICATION FOR ORDER DIRECTING DISTRIBUTION OF SALE PROCEEDS TO WELLS FARGO BANK, N.A.

TO:     THE HONORABLE NANCY HERSHEY LORD,
          UNITED STATES BANKRUPTCY JUDGE:

Ortiz & Ortiz LLP ("O & O"), *pro se*, hereby states in response the Application for Order Directing Distribution of Sale Proceeds to Wells Fargo Bank, N.A. (the "Application") as follows:

### Background

1.     The Court's familiarity with the factual background of this case is presumed, and only the facts pertinent to the Application are respectfully repeated.

2.     O & O served as counsel to the Debtor.  Its motion to be relieved as counsel was granted on December 13, 2017, but an order granting the motion has not yet been entered.

3.     O & O is one of the Debtor's largest administrative creditors, since it has not sought or received an award of compensation in close to a year.  As such, this response is filed in

O & O's capacity as a creditor, not as Debtors' counsel.

4.      Prior to the commencement of the Debtors' Chapter 11 case, Wells Fargo Bank, N.A. ("Wells") obtained the entry of a foreclosure judgment (the "Judgment") on June 8, 2016, that fixed the amounts due to Wells as of January 21, 2016.  The amounts were calculated by the court-appointed Referee and were reflected in the Referee's Report dated March 23, 2016.  A copy of the judgment is annexed as Exhibit A.

5.      The Judgment awarded Wells the following amounts:

- $9,602.78          Costs and Disbursements
- $300.00            Additional Costs
- $85,000.00         Legal Fees
- $3,668,619.69      Principal and Interest

6.      Wells presently requests that the Court direct the Debtors to pay it $5,220,520.12 immediately.  That amount includes $748,984.85 in legal fees.  Since Wells was awarded $85,000 for legal fees incurred through January 21, 2016, Wells' present request for fees is for services rendered from January 21, 2016, through the present.

7.      Wells's request for an award of legal fees is unsupported by any documents or time records.

8.      The Debtors' case may be administratively insolvent because of the capital gains incurred by the Debtors as a result of the sale of the property known as 3126 Coney Island Avenue, Brooklyn, New York (the "Property").  The amount of all administrative claims has not yet been fixed by the Court.

## Response

9.      O & O opposes the payment of legal fees to Wells until (1) Wells demonstrates the

reasonableness of the fees sought and (2) the claims of all administrative creditors are determined by the Court. However, it supports the payment of any amounts undisputed by the Debtors as soon as possible. The delay in satisfying Well's claim reduces the amounts available to pay creditors and the Debtors.

10.    As an over-secured creditor, Bankruptcy Code Section 506(b) permits Wells to recover reasonable fees, costs, or charges so long as the note and or mortgage provide for the reimbursement of these costs. However, Wells has the burden of establishing the reasonableness of its request under the circumstances of this case. E.g., In re Canal Asphalt, Inc., 2017 Bankr. LEXIS 1289 at *17 (May 10, 2017) (citing In re Dig. Prods. Corp., 215 B.R. 478, 482 (Bankr. S.D. Fla. 1997) (stating that "[t]he fees must be cost justified by the economics of the situation and necessary to preserve the creditor's interest in light of the legal issues involved"); In re Country Squire Assocs. of Carle Place, L.P., Case No. 94-14377, Chapter 11, 1998 Bankr. LEXIS 1909, at *41-42 (Bankr. N.D.N.Y. Sep. 30, 1998); T-Bone Rest. LLC v. Gen. Elec. Capital Corp. (In re Glazier Group, Inc.), Case Nos. 10-16099, 12-1878 (ALG), 2013 Bankr. LEXIS 1795, at *7-9 (Bankr. S.D.N.Y. May 2, 2013); In re Amherst Orthopedic Assocs., P.C., 355 B.R. 420 (Bankr. W.D.N.Y. 2006); and In re Nicfur-Cruz Realty Corp., 50 B.R. 162 (Bankr. S.D.N.Y. 1985). Wells must support its request with an application, supported by detailed time records, in order to permit the Court to determine that the fees sought are reasonable. As a result, the Court should deny this portion of Wells request until such an application is made and the extent of all administrative claims is before the Court.

**WHEREFORE**, O & O respectfully requests that the Court grant the relief requested

herein and grant such other and further relief as is just.

Dated:  December 18, 2017
       Astoria, New York

 

                                              */s/Norma E. Ortiz*
                                              Norma E. Ortiz
                                              Ortiz & Ortiz, L.L.P.
                                              32-72 Steinway Street, Ste. 402
                                              Astoria, NY  11103
                                              Tel. (718) 522-1117
                                              *Pro Se*

<u>EXHIBIT A</u>

At a Commercial Part of the Supreme
Court of the State of New York, held in
and for the County of Kings, at the
Courthouse located at 360 Adam Street,
Brooklyn, New York, on the 3 day of
April ___, 2016.

PRESENT: <u>Honorable Lawrence Knipel</u>
Justice of the Supreme Court

---

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1, | Index No. 500469/2013 |
| Plaintiff, | **AMENDED FINAL JUDGMENT OF FORECLOSURE AND SALE** |
| - against - | |
| BOYSIN LORICK, CYNTHIA LORICK, NEW YORK CITY DEPARTMENT OF HOUSING, PRESERVATION AND DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and "JOHN DOE NO. 1" TO "JOHN DOE NO. 10" inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint, | Foreclosure of: 3126 Coney Island Avenue, Brooklyn, NY 11235  Block: 8678 Lot: 59 |
| Defendants. | |

UPON the summons and complaint dated January 30, 2013 duly filed in this action with

the Office of the Kings County Clerk on the same date (the "Complaint"); and upon the Notice

of Pendency of Action duly filed in this action with the Office of the Clerk of Kings County on

May 17, 2013; and upon proceedings thereon, showing that each of the defendants herein have

been duly served with the Summons and Complaint in this action; and it appearing to the

satisfaction of the Court that plaintiff Wells Fargo Bank, N.A., as Trustee for the registered

11252977V.2 057301/0853817

1 of 11

holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1 ("Plaintiff"), acting by and through Waterstone Asset Management LLC, its Sub-Special Servicer, brings this action to foreclose a Consolidation, Extension and Modification Agreement (the "Consolidated Mortgage") upon certain real and personal property situated in the City of New York, County of Kings, State of New York, Block 8678, Lot 59 on the Tax Map of the County of Kings, known by the street address 3126 Coney Island Avenue (the "Premises"); and upon the executed Stipulation of Settlement entered February 28, 2014 (the "Stipulation"), pursuant to which Boysin Lorick consented to entry of this final judgment of foreclosure and sale; and upon the Final Judgment of Foreclosure and Sale dated February 21, 2014 and entered herein on March 5, 2014; and upon the Order Appointing Substitute Referee dated August 7, 2015, which Order Appointing Substitute Referee appointed Jeffrey R. Miller, Esq., as Substitute Referee; and upon the order of the Honorable Lawrence Knipel entered November 18, 2015  directing the Substitute Referee to compute the amount due to Plaintiff and ordering Plaintiff to submit a final judgment on notice to all parties;

AND on reading and filing the Report of Amount Due of Jeffrey R. Miller, Esq., the Substitute Referee, by which Report of Amount Due, bearing the date of March 23, 2016, it appears that the sum of $3,668,619.69 was due thereon as of January 31, 2016; and that the mortgaged premises should be sold in one parcel; and upon the affirmation of Keith M. Brandofino dated March 31, 2016; and due deliberation having been had thereon;

NOW, upon proof of due notice of this application upon all parties who had not waived the same, and upon proof of service of the Order of Reference as provided therein,

ON MOTION of Kilpatrick Townsend & Stockton, LLP, attorneys for the plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the caption of this action be amended by striking therefrom the remaining defendants sued herein as "John Doe No. 1" to "John Doe No. 10", all without prejudice to the proceedings heretofore had herein; and it is further

ORDERED, ADJUDGED AND DECREED, that the caption of this action, as amended, shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1, <br><br> Plaintiff, <br><br> - against - <br><br> BOYSIN LORICK, CYNTHIA LORICK, NEW YORK CITY DEPARTMENT OF HOUSING, PRESERVATION AND DEVELOPMENT AND NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, <br><br> Defendants. | Index No. 500469/2013 |

and it is further

ORDERED, ADJUDGED AND DECREED, that the said Report of Jeffrey R. Miller, Esq, dated as of March 23, 2016 be, and the same is hereby to the extent provided for herein ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction in Room 224 of Kings County Supreme Court, 360

Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 2:30 P.M., by and under the direction of Jeffrey R. Miller, Esq. who is hereby appointed Substitute Referee for that purpose, that the said Substitute Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL 231 in _Home Reporter_ , and it is further

ORDERED, ADJUDGED AND DECREED that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Substitute Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required, and it is further

ORDERED, ADJUDGED AND DECREED that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction, and it is further

ORDERED, ADJUDGED AND DECREED that the closing of title shall take place at the office of the Substitute Referee or at such other location as the Substitute Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Substitute Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Substitute Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court, and, it is further

ORDERED, ADJUDGED AND DECREED that the Substitute Referee deposit all funds received pursuant to this Order in his/her own name as Substitute Referee in _____ *any NYC.* _____ Bank within the City of New York , and it is further

ORDERED, ADJUDGED AND DECREED that said Substitute Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

**FIRST**: The statutory fees and commissions of said Substitute Referee pursuant to CPLR § 8003 (b) which shall not exceed $500 unless the sale price (the amount of the accepted bid) exceeds $50,000. In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $500 is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Substitute Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Substitute Referee's proper compensation under CPLR § 8003 (b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale. The five day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), plaintiff shall compensate the Substitute Referee in the sum of $250.00 for each adjournment or cancellation unless the Substitute Referee has requested the delay. Such compensation may be

recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR § 8003 (a) for computation of the sum due to plaintiff, may be accepted by the Substitute Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

**SECOND**: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Substitute Referee to be correct, copies of which shall be annexed to the Report of Sale **and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of the deed pursuant to 19 RCNY 23-08(a). The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser** *and any title company hired by the purchaser* **shall be responsible for any penalties or fees incurred as a result of a late payment of the tax as required pursuant to the City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days. The Purchaser shall hold the Substitute Referee harmless from any such penalties accessed as a result of late payment of these taxes.**

**THIRD**: Pursuant to Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH**: Said Substitute Referee shall then pay to the plaintiff or its attorney the sum of $ 9602 78/xx _____ for costs and disbursements in this action to be taxed by the Clerk

and inserted herein, with interest from the date hereof, [together with an additional allowance of

$ 300 ___ hereby awarded to the plaintiff in addition to costs with interest thereon

from the date hereof,] and also the sum of $3,668,619.69 the said amount so reported due as

aforesaid, together with interest thereon pursuant to the terms of the Note from January 31, 2016,

the date the interest was calculated to in said Report, to the date of entry of this Order, and

thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as

the purchase money of the mortgaged premises will pay of the same, together with

$ 85,000 ___ hereby awarded to the plaintiff as reasonable legal fees, together with any

advances as provided for in the note and mortgage which plaintiff may have made for taxes,

insurance, principal and interest and any other charges due to prior mortgages or to maintain the

premises pending consummation of this foreclosure sale, not previously included in the

computation, upon presentation to the Substitute Referee of receipts for said expenditures, all

together with interest thereon pursuant to the note and mortgage as above provided. Copies of

such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to

confirm the Referee's Report of Sale pursuant to RPAPL § 1355. It is further

ORDERED, ADJUDGED AND DECREED that in case the plaintiff be the purchaser of

said mortgaged premises at said sale, said Referee shall not require the plaintiff to pay in cash the

entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the

premises sold upon the payment to said Substitute Referee of the sum awarded to him or her

under the above provisions marked "FIRST", "SECOND", and "THIRD" if such expenses were

paid by the Substitute Referee, or in lieu of the payment of said last mentioned amounts, upon

filing with said Substitute Referee receipts of the proper municipal authorities showing payment

thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments

to the Substitute Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Substitute Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Substitute Referee, upon delivery to plaintiff of said Substitute Referee's deed, the amount of such surplus which shall be applied by the Substitute Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Substitute Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL § 1354 (3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1354 (4) and the Substitute Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale, and it is further

ORDERED, ADJUDGED AND DECREED that said Substitute Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Substitute Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty days after completing the

sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover of the defendants Boysin Lorick and Cynthia Lorick the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within 90 days of the delivery of the deed by the Substitute Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Substitute Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the

municipality in which the mortgaged premises is located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title.

ORDERED, that in Absence of the Substitute Referee, the Court may designate a another Substitute Referee forthwith; and it is further

ORDERED, that the Substitute Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Substitute Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Substitute Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the designated Substitute Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale; and it is further

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Owner of Equity of Redemption at both his/her last known address and the property address (affidavit of such service shall be presented to the Foreclosure Clerk on or before the auction sale) and upon the Foreclosure Department at least ten (10) days prior to the scheduled sale.

Dated: 6/3/16

ENTERED:

HONORABLE LAWRENCE KNIPEL, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

WELLS FARGO BANK, N.A., as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1,

Plaintiff,

- against -

Index No.: 500469/2013

BOYSIN LORICK, CYNTHIA LORICK, NEW YORK CITY DEPARTMENT OF HOUSING, PRESERVATION AND DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and "JOHN DOE NO. 1" TO "JOHN DOE NO. 10" inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

Defendants.

# NOTICE OF SETTLEMENT OF PROPOSED AMENDED FINAL JUDGMENT AND AMENDED FINAL JUDGMENT OF FORECLOSURE AND SALE



**KILPATRICK TOWNSEND**

**ATTORNEYS AT LAW**

ATTORNEYS FOR WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF SOVEREIGN COMMERCIAL MORTGAGE SECURITIES TRUST, 2007-C1, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1

OFFICES AND POST OFFICE ADDRESS

1114 Avenue of the Americas, 21st Floor
New York, NY 10036
TEL. NO.: (212) 775-8700
FAX NO.: (212) 775-8800