Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York NY 10038
Tel: 212 766 8000
Fax: 212 766 8001

Karamvir Dahiya
Counsel for the debtors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X     CASE NO 16-45645 (NHL)
IN RE:
     BOYSIN RALPH LORICK,

     CYNTHIA THERESA LORICK,           Chapter 11

         Debtors.

-------------------------------------------------------X

**LIMITED OBJECTION TO THE DEMAND FOR PAYMENT OF WELLS FARGO'S CLAIM WITHOUT THE BENEFIT OF A PLAN OR A BAR DATE**

The debtors though the undersigned counsel objects to this sweeping claim payment demand of Wells Fargo's as follows:

There is much to be put on the anvil regarding Wells Fargo demand for payment. No bar date has been set by this Court. Rule 3003 ("The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."). This is a Chapter 11 and not a Chapter 7 though it witnessed dramatic and a disconcerting liquidation without a Chapter 11 plan,

> Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. See *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983). In overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers *to balance the interests of the affected parties*, guided by the *overriding goal of ensuring the success of the reorganization.* See *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 527–528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984).

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 389, 113 S. Ct. 1489, 1495,

1

123 L. Ed. 2d 74 (1993). Despite no bar date having been fixed by the Court, this Court had reserved distribution of sale proceeds. Here, a pause is a must. The "*balance [of] the interests of the affected parties*," has yet to be achieved. (Emphasis added). Interests so far riding this bankruptcy proceeding has been of Wells Fargo and Atlanta based law firm led by Mr. Colin Bernardino ("Bernardino") (collectively, "Fargo-Bernardino"). Fargo-Bernardino monopolized and seized the process and primed all equitable or legal interests of the debtors. The outgoing counsel for the debtor for all practical purposes abandoned the trusteeship of the debtor-in-possession, 11 U.S.C.§ 1107 and dovetailed well with Fargo-Bernardino goal set in motion. However, now the debtors want to exercise damage control and achieve a balance.

Fargo-Bernardino filed proof of claim stays unchallenged—and, the originally schedule D listed it as undisputed. The Schedule B and D has been amended. The Fargo-Bernardino motion is an overreach.

Your Honor in your very thoughtful observations at the last date of hearing, it was made clear that we must get the ever-penalizing liability (recurring interest etc.) be paid here. I have looked at the paperwork. There are issues. There is a lack of substantiation of the legal fees.

**Bernardino Legal fees must not be paid at this juncture.**

Your Honor, the State court around June 3, 2016 entered a decision with the following numbers:

> Amount due on the mortgage $3,668,619.69 as of January 31, 2016.[1]
> Attorney fees: $85,000
> Cost and disbursement: $9602.78
> Additional sum of $300.00

That is the template, that we have to work with very unfortunately, owing to different doctrines

---

[1] "[T]he said amount so reported due as aforesaid, together with interest thereon pursuant to the terms of the Note from January 31, 2016, the date the interest was calculated to in said Report, to the date of entry of this Order, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgaged premises will pay of the same . . . ."

and issues. And, of course the state law applies for claims,

> Indeed, we have long recognized that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estate *451 to state law.' " *Ibid.* (quoting *Butner v. United States,* 440 U.S. 48, 57, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); citation omitted). Accordingly, whe the Bankruptcy Code uses the word "claim"—which the Code itself defines as a "right to payment," 11 U.S.C. § 101(5)(A)—it is usually referring to a right to payment recognized under state law. As we stated in *Butner,* "[p]roperty interests are created and defined by state law," and "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." 440 U.S., at 55, 99 S.Ct. 914; accord, *Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 161, 67 S.Ct. 237, 91 L.Ed. 162 (1946) ("What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law").

*Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 450–51, 127 S. Ct. 1199, 1205, 167 L. Ed. 2d 178 (2007).  And New York State happens to be very strict about the legal fees and other costs etc. incurred or alleged to have incurred in the foreclosure proceeding,

> ORDERED that the judgments are affirmed insofar as appealed from, without costs or disbursements. We agree with the Supreme Court, Suffolk County, that the plaintiff was not entitled to an award of attorneys' fees in the judgments of foreclosure. In this case, the mortgages provided, in pertinent part, for the award of attorneys' fees in actions other than to foreclose the mortgages. The promissory notes evidencing the underlying obligations provided, in relevant part, for attorneys' fees to be awarded "*[i]f this note be not paid when due".* "That provision in the note[s] is not the equivalent of an obligation to pay reasonable counsel fees in an action to foreclose a mortgage" (*see, Lipton v. Specter,* 96 A.D.2d 549, 465 N.Y.S.2d 59, *lv. denied,* 61 N.Y.2d 608, 475 N.Y.S.2d 1026, 464 N.E.2d 1004).

> Accordingly, the applications for attorneys' fees in these foreclosure proceedings were properly denied.

*Vardy Holding Co. v. Metric Resales, Inc.,* 131 A.D.2d 564, 564, 516 N.Y.S.2d 490, 490 (1987).

Without challenging the legality of the state court judgment [while not giving up the right to counterclaims or affirmative claims], as the state court has given a ruling, we consent to the following payment immediately without prejudice to our existing rights of claims against Wells Fargo:

> Amount due on the mortgage $3,668,619.69
> Attorney fees: $85,000.00

3

>Cost and disbursement: $9602.78
>Additional sum of $300.00

**Total $3,678,522.47.** However, going further an interest of approximately 4 months, January 31, 2016 to until the date of entry of the judgment on June 3, 2016 at the stated applicable Note (default) contract rate. The copy of the Judgment shows an entry on June 3, 2016.

i. Wells Fargo make a calculation based on 130 days, rather it should 122 days (Feb. 28 + Mar. 31 + April 30 + May 31+ June 2 days).
ii. Also, Wells Fargo puts interest on attorney fees of $85,000, the Note does not permit interest on Attorney Fees. There should not be any monies as interest on unpaid attorney fees.

**Additional Legal Fees Incurred in and during the bankruptcy case needs further scrutiny**

We object further to the humongous legal fees loaded in the claims. All these other fees must be held in abeyance, pending more discovery and transparency. Your Honor, sale in this forum and oversecurity is not a license for a *loot*, it is a Court of Law. And when law steps, the demands better be legal and tailored accordingly and *substantiated.* (Emphasis added). No retainer or agreement with Wells Fargo has been shared with us. There is no doubt the fees *must be* reasonable, and *must be* <u>actually</u> incurred by the lender. And here they are not reasonable and they are not actually incurred by the lender. *See Korea First Bank v. Lee,* 14 F. Supp. 2d 530 (S.D.N.Y. 1998) (lender was not entitled to recover more than it paid its attorney or what was reasonable); *In re Beach*, 2011 WL 4963003 (Bankr. D. Idaho 2011) (under state law, attorney fee awards must be reasonable); *In re Watson,* 384 B.R. 697 (Bankr. D. Del. 2008) (rejecting lender's argument that fees did not have to be reasonable*); In re Riser,* 289 B.R. 201 (Bankr. M.D. Fla. 2003) (attorney fee assessment to debtors' mortgage account when no lender attorney ever appeared in

case was "both illegal and fraudulent"). See also *In re Coates,* 292 B.R. 894 (Bankr. C.D. Ill. 2003) (creditor required to disclose agreement between itself and law firm so that court can determine exactly how much creditor is actually being charged for services); *In re 1095 Commonwealth Ave. Corp.*, 204 B.R. 284 (Bankr. D. Mass. 1997) (secured creditor fraudulently overstated its claim for legal fees by failing to disclose two-tiered fee arrangement with its attorneys in which attorneys granted bank a discount but bank billed debtors at full standard rate), aff'd in relevant part, modified in part on other grounds, 236 B.R. 530 (D. Mass. 1999).

*Let this lender produce the retainer agreement.* The debtor is entitled to see it. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original). Yes, documents must be forwarded to the undersigned and the Court, the retainers, the actual payments made by Wells Fargo to Bernardino's firm and hours spent. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).

Based on the paucity of information provided, unsubstantiated fees application on attorney fees must be rejected forthwith.

Wherefore it is respectfully submitted that we consent only to he payment of Judgment of foreclosure amount as decided by the state court [without any interest on attorney fees on the state allowed fees)]for now. Also, for release of this payment, this Court very respectfully is requested to intercalate in its order that the said payment is without any prejudice to the rights and or claims of the debtors against Wells Fargo.

Dated: New York , NY
December 18, 2018

                                                                              */s/karamvir Dahiya*
                                                            _____
                                                               Karamvir Dahiya