UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
In re:

BOYSIN RALPH LORICK,
CYNTHIA THERESA LORICK,

                                      Debtors.
-----------------------------------------------------------------X

Case No.  16-45645 (NHL)

Chapter 11

**DECLARATION OF NORMA E. ORTIZ IN RESPONSE TO
DEBTORS' MOTION AND REPLY UNDER BANKRUPTCY
CODE SECTION 506(C)**

Norma E. Ortiz, an Attorney duly licensed to practice before the Courts of the State of New York and a member of the Bar of this Honorable Court, hereby declares as follows:

1. The Court's familiarity with the pertinent facts of this case are presumed, and they are not repeated herein.

2. By Notice of Motion dated March 2, 2018 (ECF Doc. 231), the Debtors moved the Court for an order finding that Wells Fargo should be surcharged under 11 U.S.C. 506(c) for the fees and expenses the Debtors incurred for Wells Fargo's benefit (the "Motion"). On February 8, 2018, the Court scheduled dates for filing the Motions and for responses and replies.

3. On February 26, 2018, I received an email request from Karam Dahiya ("Dahiya") stating that he never received a copy of the Debtors' file. That day, I responded to his email by reminding him that (a) this was the first request I had ever received for the file and (b) I previously made at least two requests that he discuss the case with me and review the file when he informed me that he would be serving as the debtors' substitute counsel in October 2017.

2

4. That week, my office sent Dahiya all of the documents we had scanned and were available to transmit digitally. The remaining portions of the file are being scanned and will be provided to Mr. Dahiya. However, I have not heard from him since that time.

5. I have not received any questions or inquiries from Dahiya since October 2017 about this case. Therefore, whatever due diligence and inquiry has been conducted by Dahiya before filing documents with the Court has occurred without the benefit of a review by Mr. Dahiya of the complete file and without conferring with my firm.

6. Since I was not contacted by the Debtors to assist with the Motion, I did not believe we would be supporting or defending against the Motion. When I reviewed the Motion, I found that it contains false statements of fact relating to the Debtor Boysin Lorick ("Boysin") and my firm. Those false statements of fact include, *but are not limited to*, the following:

    a. <u>Boysin Did Not Consent to the Receiver Remaining in Possession</u>: Boysin provided me with consent to permit the Receiver to remain in possession of the Building so long as he was permitted access to the building to make repairs and show the building to potential lenders or buyers. The order entered by the Court in July reflects Boysin's request for access to the Building.

    b. <u>Boysin Did Not Consent to Galchi as the Buyer</u>: When Mohammad Choudhary consented to Wells Fargo's objection to Choudhary as the proposed buyer, and did not oppose Galchi as the winning bidder, Boysin consented to Galchi as the second highest bidder. He voiced that consent in front of me, my associate Martha de Jesus and Choudhary's lawyer Jane

3

        Nadelson. Although Boysin did not want the Building sold at all, and was disappointed that Choudhary withdrew, he authorized me to propose Galchi as the buyer.

c. <u>My Firm Failed to Properly Market the Building</u>: Boysin consistently refused my numerous requests that he hire a real estate broker or an auctioneer to market the building. He insisted that he would obtain financing, and that the court-ordered auction would not occur. Despite his position, I contacted two prominent bankruptcy auctioneers to obtain their fees. I asked one auctioneer what the cost would be if the auction was cancelled. I conveyed that fee information to Boysin, and he told me he did not need an auctioneer and would not pay the fee. I asked him on numerous occasions to hire a real estate broker, but he refused my several requests. The only consent I obtained from him to market the building was to advertise in the newspaper and online. He would not authorize me to take any other steps to market the building. I proposed my firm to serve as auctioneer only because I was not authorized by the Debtors to hire any other professionals.

d. <u>My Firm Was Subordinate to Wells Fargo and Acted Under its Direction</u>: As the record reflects, all of my firm's actions were done at the Debtor's request and pursuant to court order. We raised every objection urged by the Debtor, other than objecting to claims. Boysin and I agreed that after he obtained refinancing or sold the building, we would (i) object to the

4

Receiver's commissions because of the violations incurred against the building and (ii) object to the reasonableness of Wells Fargo's legal fees. I made numerous statements to Wells Fargo that we would be objecting to their claim for legal fees on the grounds of reasonableness, and made those statements on the record.

7. I do not address the disparaging statements made by Dahiya and the Debtor about me and my firm at this time, since the characterizations and allegations made are not pertinent to the Court's Section 506(c) determination. I reserve my right to note my specific responses and objections relating to those unfortunate statements at the appropriate time.

I declare under the penalty of perjury that the foregoing is accurate and true.

Dated: March 21, 2018
      Astoria, New York

*S/Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz LLP
3272 Steinway Street, Ste. 402
Astoria, New York   11103
Tel. 718.522.1117
*Pro Se*