# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X   Case No. 16-45645-NHL
IN RE:
    BOYSIN RALPH LORICK,
    CYNTHIA THERESA LORICK.

        Debtors
-----------------------------------------------------------X

### AFFIRMATION IN OPPOSITION TO THE US TRUSTEE MOTION TO CONVERT THE CASE

    The debtors Cynthia Lorick and Boysin Lorick ((the "Debtors" or "Loricks") through their counsel Karamvir Dahiya of Dahiya Law Offices, LLC respectfully submit the following opposing the United States Trustee (US Trustee) motion to convert the case to one under Chapter 7 of the Bankruptcy Code:

    The US Trustee request is disingenuous and untimely, without any basis too.  The real issues is if the debtors are entitled to modicum of justice and or some sense of justice—US Trustee does not feel that they are entitled to one, as is evident from the timing and content of the motion. It is just unfortunate that the U.S.Trustee appeared in all the hearings in this Chapter 11 proceeding and all of the issues raised in the motion were addressed by this Court earlier.

    The US Trustee motion is premised on lack of filing an Operating Report (March 2018), lack of payment of U.S. Trustee fees and failure to confirm a Chapter 11 plan.

**Operating Report Failure**

    The US Trustee complains that "[t]he Debtors have failed to file their monthly operating report for March 2018 in violation of Section 1112(b)(4)(F)." Motion P.2. The debtor has filed all the reports and any missing report is being taken care of now. The US Trustee laments that

1

"[t]he Debtors' failure to fulfill this important fiduciary obligation denies all parties in interest, including creditors, the Court, and the United States Trustee, access to important information regarding the Debtors' financial affairs. For instance, the cash balance in the Debtors' estate, and the Debtors' administrative solvency are unknown." *Ibid*. However all the concerned creditors are being notified of all steps taken and all sale and value of the proceeds in this case. It is unclear what the Movant is attempting to posit here. Every involved party gets a notice from the court for every happening including the numbers.

**Quarterly Fees**

The US Trustee also complain that "[t]he Debtors owe the United States Trustee $975 in quarterly fees, pursuant to 28 U.S.C. § 1930(a)(6), and any applicable interest thereon, pursuant to 31 U.S.C. § 3717." See Motion. But the debtors have paid all the fees demanded of them.

**Failure to File a Chapter 11 Plan**

The US trustee complains that "[t]he Debtors have not filed with the Court a plan of reorganization since the Filing Date." See Motion. For the first 120 days of the case, the debtors have exclusive right to file a plan, yet it was not filed. 11 U.S.C.A. § 1121(b). Section 1112(b) provides for conversion or dismissal of the case,

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). However, in assessing a motion made under Section 1112(b), the movant, here the US Trustee bears the burden of establishing "cause by a preponderance of the evidence," *see In re Babayoff,* 445 B.R. 64, 76 (Bankr.E.D.N.Y.2011) (internal citations

2

omitted). Evidence they have produced none. None of the reasons advanced are viable. Fees has been paid--operating statements have been filed and case is coming to a closure now. It is highly disingenuous on the US Trustee to ask for conversion.  The Lorick family is entitled to some modicum of dignity and some sense of justice. The US Trustee kept silent, when it's intervention was required and circumstances warranted it.  The bankruptcy court has "wide discretion" to determine if cause exists for exercise of such discretion. *See Id.*

Preponderance  of Evidence standard is not met here though.  There is no doubt that the filing of a plan of reorganization is "central" to successful Chapter 11 cases, for a plan is the "framework for the debtor's reorganization and successful exit from bankruptcy," *In re Babayoff at* 78 (Bankr.E.D.N.Y.2011), for a  "a debtor cannot wallow in Chapter 11[,]" indefinitely. *In re Tornheim,* 181 B.R. 161, 164 (Bankr.S.D.N.Y.1995). But this is precisely what happened here in this case. Some time back, I as the incoming counsel for the debtors shared Mr. Nazar Khodorovsky's anguish ("The Debtors have not laid out any comprehensive rationale for why a plan and a disclosure statement have not been proposed.")  While failure to file the chapter 11 plan was not only condoned, this Court took pains to explain that it is "routine" for the Chapter 11 cases to be filed to sell the real properties without the benefit of a Chapter 11 plan or disclosure. It was the undersigned, an incoming attorney, who volunteered to file the chapter 11 plan and this Court once again expressed its concern that that the debtors are "solvent" and she would not like to see an insolvent estate. The Court was concerned about the administrative expenses.

The US Trustee makes a disingenuous observation:

> The Court's Coney Island Proceeds Order itself calls into question the Debtors' ability to act as fiduciaries in this matter: namely, it raises concerns about their ability to hold and manage the Coney Island Proceeds, the key asset of the estate that would be needed to fund any plan. *See* 11 U.S.C. § 704(a)(1),(2) (requiring trustees and debtors-in-

3

>> possession to collect estate funds and "be accountable for all property received").

See the Motion. All monies were kept in the former counsel's escrow account and thereafter transferred to another entity—all this was done pursuant to the direction of this Court. It is unclear where the US trustee derives its impressions from when he questions "the Debtors' ability to act as fiduciary." It is just unfortunate. Despite the serious objections by the Debtors to the former counsel fees, the fees of the Wells Fargo counsels, running in *Exorbitant* numbers, this Trustee kept silent—also silent were they, when the debtors were without any counsel in this case. The record speaks for itself. Such reckless observations now in this motion by the US Trustee are condemnable. What is the standard for worthiness or "Debtors' ability to act as fiduciaries," used by Eastern District U.S. Trustee? Mr. Khodorovsky's motion does not tell us about that litmus test.

Conversion is based upon calculations, the "prejudice" etc. to the creditors. Here there is absolutely no prejudice. NO one is now estopped from pursuing any of their desired goal. The biggest creditor is paid in full including hefty legal fees ((this Trustee surprising did not find anything improper about it), the other creditor has a stay lifted to pursue their state provided remedies. There is absolutely no lingering or thwarting impediment to any creditor. Without any prejudice why is the US Trustee complaining? The US Trustee has their legal fees---what is the ground left for the trustee to ask for what they are asking here?

Thus with the past opinions of this Court at the past hearings, there are absolutely "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors." This Court has made it clear that the Chapter 11 are a routine proceeding solely filed to sell the property without the benefit of Chapter 11 plan. Thus, there are no reasons to convert the case.

Your Honor, the case is being wrapped up now, once all fees issues are settled, a motion would be filed for a structured dismissal of the case. Meanwhile the Court must continue to keep the case as a Chapter 11 and formally close the pending ministerial applications for fees etc. Thus, with respect, we urge the Court that it has a "virtually unflagging obligation... to exercise the jurisdiction given them." *Colo. River Water Conservation Dist v. U S*, 424 U.S. 800, 817 (1976). A conversion here would destroy any solvency and would become a churning ground for new players and new fees, sinking the Loricks. We do not want that result and the Court is very respectfully requested to keep this case in Chapter 11 temporarily to address pending issues. The debtors should not be subjected to a new front now. The Court itself had opined on those lines in the past, so that the debtors have a solvent exit (now to be undertaken by a prospective structured dismissal request).

Wherefore the trustee motion be denied in all aspects in interest of fairness and justice to the debtors.

Dated: New York NY

*/s/karamvir dahiya*
_____
Karamvir Dahiya for the debtors

5

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 21, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                */s/karamvir dahiya*
                _____
                Karamvir Dahiya (KD 9738)