UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re

BOYSIN RALPH LORICK,
CYNTHIA THERESA LORICK.

Debtors.

Chapter 11

Case No. 16-45645-NHL

**(Jointly Administered)**

---

**STIPULATION, AGREEMENT, AND ORDER GRANTING LIMITED RELIEF FROM
THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "Stipulation, Agreement, and Order") is entered into by and among Boysin Ralph Lorick and Cynthia Theresa Lorick, as debtors (the "**Debtors**") and Wells Fargo Bank ("**The Non-Debtor Party**"), and Ivan Tanasiychuk (the "**PI claimant**"). The Debtor, Non-Debtor Party and the PI claimant collectively are referred to in this Stipulation, Agreement, and Order as the "Parties," and, each, as a "**Party**." The **Parties** hereby stipulate and agree as follows:

**RECITALS**

A.      WHEREAS, on December 15, 2016 (the "Commencement Date"), the debtors and certain of their affiliates (collectively, the "Chapter 11 Entities") commenced with this Court voluntary case(s) under chapter 11 of title 11 of the United States Code ("the Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

B.      WHEREAS, on March 27, 2017, the PI claimant commenced a civil personal injury action under the caption of Ivan Tanasiychuk v. Douglas Rosenberg as Receiver of the Property of Boysin Lorick and Cynthia Lorick, ("the State Court Action") that is currently pending in the Supreme Court of the State of New York, County of Kings, against Douglas Rosenberg in his capacity as receiver of the property of the debtors (the "Non-Debtor Defendant). The PI

claimant at no time commenced an action against the Debtors.

      C.      WHEREAS, upon motion by the non-debtor defendant in the State Court Action, the state court, by Order dated October 24, 2017, granted a motion to extend the Automatic Stay to stay the State Court Action against the non-debtor defendant. The Order dated October 24, 2017 noted that if the PI claimant were to take a judgment against the non-debtor defendant, Douglas Rosenberg, in the State Court Action, there would be an immediate adverse economic consequence to the Debtors' estate, unless the PI claimant agreed to limit his recovery to the limits of the non-debtor defendant's available insurance proceeds.

      D.      WHEREAS, on November 15, 2017, the PI claimant executed a stipulation agreeing to limit his recovery to the limits of the non-debtor defendant's available insurance proceeds.

      E.      WHEREAS on May 11, 2018, the PI claimant filed a motion for relief from the automatic stay in Bankruptcy Court in order to permit the State Court Action to proceed.

      F.      WHEREAS, no Parties objected to the PI claimant's motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. To the extent there ever was a stay or should have been a stay in the State Court Action, the stay is hereby lifted.

2. The PI claimant may proceed with the State Court Action against the non-debtor defendant, Douglas Rosenberg, as Receiver of the Property of Boysin Lorick and Cynthia Lorick, subject to the condition that the PI claimant agrees to limit any recovery in the State Court Action to the limits of the non-debtor defendant's insurance proceeds that are available in the State Court Action.

3. The PI claimant agrees that under no circumstances will he enter judgment in excess of the maximum amount of the non-debtor defendant's insurance proceeds that are available in the State Court Action.

4. The PI claimant agrees that under no circumstances will he execute or collect any assets or property belonging to the Debtors or any Parties under the jurisdiction of the Bankruptcy Court in this action, except that the PI claimant may recover up to the maximum amount of the non-debtor defendant's insurance proceeds that are available in the State Court Action.

IN WITNESS WHEREOF, this Stipulation, Agreement, and Order has been executed and delivered as of the day and year first below written.

DEBTOR:

By: *[signature]* (DZ)
Name: Karamvir Dahiya
Title: Attorney
Date: 7/27/18

PI CLAIMANT:

By: *[signature]*
Name: David Zwerin
Title: Attorney
Date: 07/18/18

ALL NON-DEBTOR PARTIES

By: *[signature]* (DZ)
Name: Colin Bernardino
Title: Attorney
Date: 07/27/18